## HENRY W. PAINE *vs.* CITY OF BOSTON.

**Suffolk.** March 15, 16, 1877. — June 22, 1878. ENDICOTT & SOUIE, JJ., absent.

A vote of a city council, approved by the mayor, that there be "allowed and paid to" A. a certain sum "in full settlement of all claims against the city," "for services rendered and money expended by" A.; "and that the same be charged to the fund appropriated for incidental expenses," is not a draft or order for the payment of money, which can be declared on as such.

Pending an action against a city for services alleged to have been rendered it, the plaintiff petitioned the city for compensation for such services, stating that he had resolved to discontinue his action. The action was afterwards discontinued, and judgment rendered for the defendant. After this, the city council passed an order directing that a certain sum should be paid the petitioner in full of all claims against the city; and the Legislature passed an act authorizing the city to pay the petitioner in conformity to the order of the city council. *Held*, that there was no legal consideration for the passage of the order. *Held, also,* that even if the circumstances accompanying the passage of the order might be given in evidence, the *motives, reasons* and *considerations,* which operated upon the minds of the members of the council to induce them to vote for the passage of the order, were not admissible.

CONTRACT. The first count was on the following order, passed by the city council of the defendant city, and approved by the mayor on September 12, 1870 : " Ordered, that there be allowed and paid to Henry W. Paine, as assignee of Charles Burrill, the sum of forty thousand dollars, in full settlement of all claims against the city, and all persons acting personally, or in behalf of the city in this matter, for services rendered and money expended by said Burrill in procuring credits upon the quota of the city in 1864; and that the same be charged to the fund appropriated for incidental expenses. Provided, that such receipts and discharges shall be executed, both by said Burrill and by said Paine, as shall be satisfactory to his honor the mayor and the city solicitor." The plaintiff also filed an amended count, the substance of which appears in the opinion.

At the trial in this court, before *Colt,* J., without a jury, the following facts were proved or admitted :

During the year 1864, Charles Burrill rendered services and incurred some expenses in obtaining credits to be made on the military quota of the city of Boston, for which services and expenses he made a demand upon the city for a large sum of

money, the payment of which was refused. Subsequently Burrill commenced an action in the Circuit Court of the United States for the District of Massachusetts, against the city, to recover compensation for such services and expenses, which was discontinued by him on May 11, 1869, and in which final judgment was rendered for the defendant on August 12, 1870. In February, 1869, Burrill presented to the city council of Boston a petition for compensation for his services and expenses in which he stated that he had resolved to discontinue his action against the city; and, after the rendition of the above judgment, the order in question was passed and approved. Before the passage of the order, Burrill made an assignment of all his claims in the premises to the plaintiff, and gave notice thereof to the defendant.

Before payment was made, on the petition of certain tax-payers, the city and its officers were restrained temporarily, by an injunction of this court, from making this payment, and the payment was not made. On April 14, 1871, the Legislature passed the St. of 1871, *c.* 183, which took effect on its passage, and was entitled " An act to authorize the city of Boston to pay to Charles Burrill the sum of forty thousand dollars." * On May 26, 1871, the injunction was dissolved. Burrill and the plaintiff then demanded payment of the city, and tendered such receipts and discharges as were satisfactory to the mayor and city solicitor, which payment was refused; and the city has never paid the same, nor any part thereof.

The plaintiff contended, as one ground of legal consideration, that the settlement and termination of the plaintiff's action furnished the legal consideration for the passage of the order of September 12, 1870.

The judge permitted the plaintiff to introduce in evidence, against the defendant's objection, the records of the city government, the correspondence between the city government and the

---

* " The city of Boston is hereby authorized to pay to Charles Burrill, of Brookline, the sum of forty thousand dollars, in satisfaction for all services rendered and money expended by him, in procuring credits upon the quota of volunteers of said city, during the war of the rebellion, in conformity to the order passed by the city council of said city, and approved September twelfth, eighteen hundred and seventy, and may raise said sum by taxation or otherwise."

city solicitor, and the printed report of the debates, all preceding and relating to the passage of the order in question. It appeared from these that on February 23, 1869, the board of aldermen requested the city solicitor to inform them of the condition of the action of Burrill against the city, in response to which the city solicitor on March 1, 1869, stated that Burrill's counsel had recently notified him that the action would not be further prosecuted, and that no further effort would be made by him to recover his claim by any legal means; that, after Burrill on May 11, 1869, discontinued his action against the city and agreed that such entry might be made as the city solicitor should deem necessary, the city government on May 20, 1869, referred his petition to the committee on claims, which reported that Burrill had rendered some service for which he should receive compensation, but was unable to agree as to the amount; and that, after many debates on the subject, in the course of which members of the city government referred to the claim of Burrill as an " equitable claim," to his action at law as terminated in favor of the city, and to the fact that he had no legal claim against the city, and the only assertion, that the action was discontinued in consideration of the case being settled, being at once denied, the board of aldermen on May 23, 1870, passed the order in question, and the common council on August 11, 1870, concurred in its passage. The evidence introduced by the plaintiff also set out at length the reasons assigned by various members of the city government for voting in favor of or against the order in question.

The judge ruled that all the competent evidence would not justify a finding that the termination of the action, or any agreement to terminate it, was a legal consideration for the passage of the order; and reported the case for the consideration of the full court. If the plaintiff was entitled to maintain his action, judgment was to be rendered for the amount named in the order with interest, or the case was to stand for further trial, as the court might order ; otherwise, judgment for the defendant.

*A. A. Ranney*, (*J. M. Wightman* with him,) for the plaintiff.

*J. P. Healy & H. W. Putnam*, for the defendant.

LORD, J. The vote of a municipal corporation, which looks to the payment of money to a person, may or may not be a con-

tract, which may be enforced in law. If the subject of the vote be an original proposition contemplating acceptance and action on the part of another, such acceptance and action may complete the contract so that an action can be maintained upon it. If the vote be not an original proposition, but relates to a matter of negotiation or difference between the municipality and another, and is in the nature of a tender of compromise, then it may become a contract by acceptance by the other party, before it is revoked. Ordinarily votes of towns and cities are not contracts.

In the large cities, in which the two branches of the city council must concur, and the vote must be approved by the mayor before it takes effect, a vote setting apart money for a special purpose is in its nature legislative, and is rather an appropriation than a contract. In the present case we think it entirely clear that the order of the city council of Boston of September 12, 1870, is not an original contract which may be declared on as such.

The declaration in the first count treats it simply as a money order or draft; and declares on it as a check, if drawn by a vote of the city council, would be declared on. We think it cannot be so treated; and the course of the trial indicates that the plaintiff so thought, for he filed an amended count, in which he set forth that one Burrill had a large claim against the city of Boston, that such claim had been put in suit, and that pending such suit a proposition of compromise was made, that the pendency of said suit was an obstacle in the way of a compromise of the claim, and that said suit was withdrawn for the purpose of removing such obstacle, and that thereupon and in consideration thereof, the city, in settlement and compromise of the said claim, passed that order, which the plaintiff, to whom the claim of said Burrill had been assigned, and the said Burrill assented to as a compromise and settlement of said claim; other steps in the course of the proceeding towards the compromise are alleged in the declaration, such as an agreement that judgment in said suit should be entered for the defendant, and an actual entry of said judgment.

The defendant denies that any such arrangement or compromise as is set up in the amended declaration was made; and contends that if such arrangement was made by the city council

it was *ultra vires*, and was not binding upon the city. Although, for reasons stated below, it is not important for the decision of this case, we see no reason why all the facts known to exist at the time of the passing of the order, and all the circumstances surrounding and accompanying the transaction, may not be given in evidence for the purpose of showing that the order was passed as a tender of compromise of a pending disagreement between the parties, in order to show that the other party to the controversy accepted the offered terms of compromise and thereby agreed thereto, thus consummating a contract of settlement and compromise. Nor is it necessary to decide whether, if the arrangement declared on were proved, it is *ultra vires*, because we are satisfied that the ruling of the presiding judge, that the evidence would not justify a finding that the termination of the action, or any agreement to terminate it, was a legal consideration for the passage of the order, was correct.

There was no sufficient evidence upon which the jury were authorized to find any such compromise and adjustment of a claim as is set up in the declaration. It stands therefore that the city of Boston appropriated the sum of forty thousand dollars for the payment of a claim of the plaintiff. That there was any debt due upon which the city was liable, there was neither allegation nor proof.

The only declaration was that the order was passed in settlement of a disputed claim. That allegation is not supported by sufficient proof to warrant a verdict upon it in favor of the plaintiff. For, although the circumstances surrounding and accompanying the passage of the order may be given in evidence, it does not by any means follow that the motives, reasons and considerations which operated upon the minds of the members of the council to induce them to vote for an order which partakes so much of the character of legislation, are competent or proper. If competent, however, there is nothing in such proceedings indicating that the suit was discontinued in consideration of the passage of the order. On the other hand, the suit was discontinued before the petition of Burrill was acted upon by either branch of the city council; and city officials had been notified that no further attempt to recover any claim by legal means would be made. In this condition of things, a judgment against the claim having

been voluntarily submitted to, without the request of the defendant, and with no agreement in reference to it on its part, and wholly without its instigation, there is no sense in which the action of either party can be considered a legal consideration for the action of the other.

It may be that the voluntary and unsolicited abandonment of all claim in law upon the defendant was an inducement to some members of the city council to vote for the order as a gratuity. But a gratuity offered for past services is not a contract, and cannot be enforced in law. It will be observed that we have discussed this subject as if a valid cause of action was set out in the declaration. We have assumed, but do not decide, that the declaration would be sufficient, had the evidence supported it.

Inasmuch, therefore, as the action cannot be sustained upon the first count as upon an order for money, nor upon the amended count as upon a contract in settlement and compromise of the plaintiff's claim, it follows that there must be

*Judgment for the defendant.*