JOSEPH O. MARSH *vs.* INHABITANTS OF SCITUATE.

HOSEA D. NOTT *vs.* SAME.

AMELIA W. SYLVESTER *vs.* SAME.

SERENA C. JAMES *vs.* SAME.

Plymouth.   October 21, 1890. — January 9, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Contract — Town — Soldier — Payment of Bounty.*

The vote of a town, on May 4, 1861, to pay to enlisted soldiers belonging therein, mustered into the service of the United States, a certain sum per month during such service, was not ratified or confirmed, with respect to service beyond the period of ninety days, by the St. of 1861, c. 222, or by the St. of 1863, c. 38.

The St. of 1886, c. 308, authorizing the town of Scituate to pay to a limited amount the claims of certain enlisted soldiers, imposed no legal obligation on the town to pay them the money; and votes of the town that the amount be raised by future assessment, that the treasurer borrow the full amount thereof, and that the selectmen draw in favor of each soldier, from whom a receipt in full was to be taken, did not constitute a contract to do so, and might be reconsidered at any time before the assessment was laid and the money raised.

FOUR ACTIONS OF CONTRACT, to recover bounty money from the defendant town. The plaintiffs in the first and second cases were enlisted soldiers, and the plaintiffs in the third and fourth cases were the legal representatives of deceased soldiers. Trial in the Superior Court, before *Dunbar*, J., who ordered a verdict

in each case for the defendant, and reported the cases for the determination of this court. The facts, so far as material to the points decided, appear in the opinion.

*J. F. Simmons & H. D. Pratt*, for the plaintiffs.

*W. Gaston & F. E. Snow*, for the defendant.

W. ALLEN, J. On May 4, 1861, the defendant town voted to pay to volunteer soldiers belonging to the town, mustered into the service of the United States, ten dollars a month during such service. The plaintiffs in the first and second cases, and those represented by the plaintiffs in the third and fourth cases, entered the service and continued in it for periods varying from eighteen to thirty-six months, and seek in these actions to recover for the whole time, less three months, for which payment was made. They were enrolled as members of a volunteer militia company on May 21, 1861. The company was soon after disbanded, and on June 15 following they were mustered into the volunteer military service of the United States.

The defendant had no authority to pay, or to promise to pay, the money promised by the vote, and the contract contained in it and completed by the enlistment was void. The St. of 1861, c. 222, which took effect on May 23, 1861, authorized towns to raise money to carry out any contract theretofore made with any of its inhabitants who had enlisted in the volunteer militia, and provided that all subsisting contracts between a town and a member of the volunteer militia as such should terminate in ninety days from the date of the contract, or of the enlistment if subsequent to the contract. It has been decided, upon facts like those in the case at bar, that the statute ratified the contract of the town for the term of ninety days from the time of enlistment, and put an end to it at the expiration of that period. The St. of 1863, c. 38, ratified, confirmed, and made valid all acts of towns in agreeing to pay bounties for soldiers furnished by them for the war then existing, and it was contended that it ratified such contracts under the statute of 1861. The court say : " The contract originally made between the plaintiff and the town having been ratified and continued in force for a limited time, and then terminated, by the St. of 1861, there is no ground for implying a new contract beyond that time in face of the express prohibition of that statute, and there was

therefore no form of contract between the plaintiff and the town, to which the St. of 1863 could apply." *Grover* v. *Pembroke*, 11 Allen, 88. See also *James* v. *Scituate*, 11 Allen, 93; *Carr* v. *Warren*, 98 Mass. 329; *Howes* v. *Middleborough*, 108 Mass. 123. The objections made by the plaintiffs' counsel to this construction of the statute are fully met in the opinions in the first two cases cited. The cases are directly in point, that the plaintiffs cannot recover by force of the statute of 1861 or of the statute of 1863.

The plaintiff in each case also seeks to recover the sum of two hundred dollars, under the St. of 1886, c. 308, and a vote of the defendant thereunder. This statute was a special act, and authorized the defendant to raise by taxation a sum not exceeding $4,200, and appropriate the same to the payment of the claim of each of twenty-one persons named, (including the soldiers here suing or represented,) arising from the vote before mentioned of May, 1861. The claim of the plaintiffs, and presumably of the others, was for the monthly sum voted during the whole time of service, excepting for the first three months, which had been paid. It was not a legal claim, or a claim under a void contract which could be confirmed and made valid by the Legislature. The status of the claim had been fixed by the adjudication of the court, and the Legislature clearly did not intend to ratify or confirm a contract, or to require payment by the town, but to give the town authority to pay money in discharge of what it might deem a moral obligation. Clearly the statute imposed no legal obligation on the defendant to pay the plaintiffs, and gave them no right of action. If there is any right of action, it must arise from a subsequent contract between the parties authorized by the statute.

It is argued that the statute, in giving the town authority to pay the claims, impliedly gave it authority to contract to pay them; and that subsequent votes of the town on October 2, 1886, constituted a contract or a promise to pay part of the claim upon which an action can be maintained. The votes relied on authorized and instructed the selectmen to draw orders upon the town treasurer, for two hundred dollars each, in favor of the persons named in the act, the treasurer being instructed to demand upon payment a receipt in full of all demands under the vote of May,

1861. It was further voted, that the town treasurer be authorized and instructed to borrow four thousand two hundred dollars to pay the claims ; and it was also voted that the town raise four thousand two hundred dollars to pay the claims, the amount to be assessed on the first day of May.

It is not necessary to consider the objection of the defendant, that the act authorizing the town to raise money by taxation to pay these claims was not within the constitutional authority of the Legislature, and that it did not authorize the defendant to make contracts to pay money in settlement of the claims, because we can find no contract or promise in the votes. If authority was given to the town to pay money which it was under no obligation to pay, it could not express an acceptance of the authority, nor an intention to pay the money, nor take measures to raise it, except by vote; and the mere vote to raise and pay the money no more imports a promise to the beneficiary, than an order by an individual to his agent to raise and pay money he was under no obligation to pay would import a promise to pay it. If it is said that the vote to pay part of the claim and to demand a receipt in full amounts to an offer which, if accepted, would show a contract, the answer is, that it is neither in form nor in substance an offer; it is no more than the expressed resolution of the town that it will pay a part of what is asked for, and that the claimants must be satisfied with that.

The authority given to the town was to raise money by taxation, and to pay it. If there was any promise implied in the votes, was it to pay on demand before the money was raised ? or was it to raise the money by borrowing? or to raise it by taxation? and if by taxation, was it to raise it before the annual assessment and collection ? The votes of the town were not a contract, nor in the nature of a contract. They might perhaps amount to an appropriation of the money which should be raised under them, and which should be in the hands of its officers, which the claimants might require the officers to carry out; but they cannot, without further action of the defendant, form the basis of a contract with the defendant which can be enforced by action. If the votes constituted an offer which might be made a contract by the acceptance of the plaintiffs, they were not accepted by the plaintiffs, but were revoked before the plaintiffs

had done anything under them. But we do not think that mate-rial. If the votes had continued in force, and the defendant's officers had refused to carry them out, we need not consider what remedy the plaintiffs would have had. The votes were reconsidered, November 20, 1886, before the time fixed for raising the money by assessment, and before any money had been raised, if it could lawfully have been raised, by borrowing. There was no contract, and no appropriation of money, and no right of action in the plaintiffs, before the vote was reconsidered. *Withington* v. *Harvard*, 8 Cush. 66. *Paine* v. *Boston*, 124 Mass. 486. In *Hall* v. *Holden*, 116 Mass. 172, and *Nelson* v. *Milford*, 7 Pick. 18, votes of towns to pay money to individuals were considered to be promises irrevocable, on the ground that they recognized an obligation to pay the money, and a legal consideration of a promise.

The judgment recovered against the town by the soldier represented by the plaintiff in the fourth case, and confirmed in *James* v. *Scituate*, 11 Allen, 93, and set up in the defendant's answer, is also a bar to any action by her grounded upon the vote of May 4, 1861, and the St. of 1861, c. 222.

We think that the plaintiffs cannot recover upon any count of their declarations.                         *Judgment on the verdict.*