ATTORNEY GENERAL *vs.* HENRY BIGELOW WILLIAMS & another, trustees, & others.

Suffolk.   January 23, 24, 1901. — March 13, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

St. 1898, c. 452, relating to the height of buildings on and near Copley Square in Boston, provides that all damages suffered by reason of the provisions of the act should be paid by the city of Boston. *Held,* that the city of Boston was not a necessary nor a proper party to an information by the Attorney General to compel the removal of the portion of a certain building exceeding the limit imposed by the act, not being entitled to be heard on the question of whether the defendant was violating the law. The fact that the defendant must resort to the city for his damages, and in a suit to recover them may raise some of the questions heard and determined in this suit, is not a sufficient reason for making the city a party to litigation in which its interests are only collateral.

St. 1898, c. 452, relating to the height of buildings on and near Copley Square in Boston, was held in 174 Mass. 476, to be a taking of rights in property for the benefit of the public who use Copley Square, the Legislature seeking thereby to promote the beauty and attractiveness of a public park in the capital of the Commonwealth. This was upon an averment in the bill, that Copley Square "is an open square and a public park intended for the use, benefit and health of the public, and is surrounded by buildings devoted to religious, charitable and educational purposes, some of which contain books, manuscripts and works of art of great value." Now, *held,* that the facts agreed in the case fully sustain this averment.

St. 1898, c. 452, relating to the height of buildings on and near Copley Square in Boston, is not in violation of the Constitution of the United States as impairing the obligation of contracts, §§ 3 and 4 providing adequate compensation for all persons suffering damage under its provisions.

If a statute can be given a reasonable construction which will sustain it as constitutional, it is the duty of the court so to construe it, although its passage by the Legislature may have been requested or advocated on a ground which would not be a constitutional justification for its enactment.

.INFORMATION by the Attorney General against Henry Bigelow Williams and another, trustees of the Westminster Chambers Trust, the Westminster Construction Company, and Isaac F.

Woodbury and George E. Leighton, copartners doing business under the name of Woodbury and Leighton, to restrain the defendants from maintaining the building called the Westminster Chambers on Copley Square in Boston above the height of ninety feet, and to order the removal of the portion of the building constructed above that height in violation of the provisions of St. 1898, c. 452, filed September 17, 1898, wrongly printed September 11, 1898, in 174 Mass. 476.

By the decision in this case made October 30, 1899, reported in 174 Mass. 476, it was held that St. 1898, c. 452, relating to the height of buildings on and near Copley Square in Boston, was a taking of rights in property for the benefit of the public who use Copley Square, the Legislature seeking thereby to promote the beauty and attractiveness of a public park in the capital of the Commonwealth, giving compensation to any person sustaining damage by reason of the limitation of the height of buildings provided for in the act, and that this was a public purpose for which the right of eminent domain lawfully could be exercised ; also, that the approval by the park commissioners of the city of Boston of the band of " sculptured ornaments " of terra cotta, constituting the architrave, frieze and cornice of two sides of the building, did not affect the limitation of height named in the statute.

On October 2, 1900, the defendants filed the following motion :

" The defendants now represent that they desire to ascertain what alterations of their building described in the information are necessary to make it conform to the opinion of the court heretofore rendered on the demurrer and pleas in this cause, without prejudice to their right to further defend upon the merits, or any other rights; that as the statute of 1898, on which the information is based, purports to make the city of Boston liable to the defendants for any damages occasioned them by the operation of the statute, the character and extent of such alterations cannot be conclusively determined in this proceeding unless and until the city of Boston is made a party thereto ; and that if such alterations are ascertained and made by the defendants without joinder of the city of Boston as a party thereto, the defendants will incur the risk of loss, and of having thereafter to

make different or further alterations in their building, which risks they ought not to be required to incur. Wherefore, for this reason, and for other grounds and reasons appearing in their answer, the defendants move that the informant be required to join the city of Boston as a party defendant to this information, as a condition of further prosecuting the same, and that in default of such joinder the further prosecution thereof be stayed until the right of the defendants to compensation for all damages occasioned to their property by the operation of said statute, and the liability of the city of Boston therefor, are conclusively determined."

On October 5, 1900, this motion was denied by *Barker*, J., and the defendants appealed from such denial.

Subsequently the case came before *Morton*, J., on a motion of the Attorney General for a final decree, and thereupon, at the request of all parties, the case was reserved by the justice upon the pleadings, the defendants' motion to have the city of Boston made a party, and the appeal from the denial thereof, and the agreed facts, for the consideration of the full court, such disposition thereof to be made as to the court should seem meet.

The agreed facts were upon the following subjects: The history of the building before the passage of the statute, the history of Copley Square, the history of the statute, proceedings subsequent to the statute, and a description of the buildings on and about Copley Square. The agreed facts are so disposed of by the decision of the court that a statement of them is unnecessary.

St. 1898, c. 452, entitled "An Act relative to the height of buildings on and near Copley Square in the city of Boston," is as follows :

"Section 1. Any building now being built or hereafter to be built, rebuilt or altered in the city of Boston, upon any land abutting on St. James avenue, between Clarendon street and Dartmouth street, or upon land at the corner of Dartmouth street and Huntington avenue, now occupied by the Pierce building, so-called, or upon land abutting on Dartmouth street, now occupied by the Boston Public Library building, or upon land at the corner of Dartmouth street and Boylston street, now occupied by the New Old South Church building, may be

completed, built, rebuilt or altered to the height of ninety feet, and no more ; and upon any land or lands abutting on Boylston street, between Dartmouth street and Clarendon street, may be completed, built, rebuilt or altered to the height of one hundred feet, and no more: *provided, however,* that there may be erected on any such building, above the limits hereinbefore prescribed, such steeples, towers, domes, sculptured ornaments and chimneys as the board of park commissioners of said city may approve.

" Section 2. The provisions of chapter three hundred and thirteen of the acts of the year eighteen hundred and ninety-six, and of chapter three hundred and seventy-nine of the acts of the year eighteen hundred and ninety-seven, so far as they limit the height of buildings, shall not be construed to apply to the territory specified and restricted in section one of this act.

" Section 3. The owner of or any person having an interest in any building upon any land described in section one of this act, the construction whereof was begun but not completed before the fourteenth day of January in the current year, who suffers damage under the provisions of this act by reason or in consequence of having planned and begun such construction, or made contracts therefor, for a height exceeding that limited by section one of this act for the locality where said construction has been begun, may recover damages from the city of Boston for material bought or actually contracted for, and the use of which is prevented by the provisions of this act, for the excess of cost of material bought or actually contracted for over that which would be necessary for such building if not exceeding in height the limit prescribed for that locality by section one of this act, less the value of such materials as are not required on account of the limitations resulting from the provisions of this act, and the actual cost or expense of any re-arrangement of the design or construction of such building made necessary by this act, by proceedings begun within two years of the passage of this act, and in the manner prescribed by law for obtaining payment for damages sustained by any person whose land is taken in the laying out of a highway in said city.

." Section 4. Any person sustaining damage or loss in his

property by reason of the limit of the height of ' buildings provided for in this act, may recover such damage or loss from the city of Boston, by proceedings begun within three years of the passage of this act, and in the manner prescribed by law for obtaining payment for damages sustained by any person whose land is taken in the laying out of a highway in said city.

" Section 5. This act shall take effect upon its passage."

*Approved May 23, 1898.*

*A. F. Pillsbury,* for the defendants.

*S. J. Elder & E. A. Whitman,* for the plaintiff.

KNOWLTON, J. This case was considered by the full court on the bill, demurrer, plea, and certain facts found at the hearing before a single justice, and was reported in 174 Mass. 476. It now comes before us for a final decree on the pleadings and certain facts agreed by the parties, subject to objection as to their competency. We need only consider how far, if at all, the aspect of the case is changed by the competent facts agreed.

The defendants contend that a decree cannot be entered in this suit without first joining the city of Boston, which is made liable by the statute for such damages as the defendants suffer from the taking of an interest in their land, and they have moved to have the city made a party. This motion was rightly overruled. The city of Boston is not a proper party to this suit. Its rights and liabilities in reference to the taking are fixed by the statute, and it is not entitled to be heard on the question whether the defendants are violating the law; nor does the fact that the defendants must resort to the city for the recovery of their damages, and that the city may then raise some of the questions which have been heard and determined in this suit, constitute a sufficient reason for bringing the city into litigation on subjects to which its interests are only collateral.

The former decision was upon an averment of the bill that Copley Square, upon which said St. James Avenue abuts, "is an open square and a public park intended for the use, benefit and health of the public, and is surrounded by buildings devoted to religious, charitable and educational purposes, some of which contain books, manuscripts and works of art of great value." It is contended that the facts agreed fail to sustain this averment.

Without considering these facts in detail, we are of opinion that they fully sustain the averment.

The agreed facts as to the construction of the building leave the case as it was formerly presented, without material modification. The erection of the building to its present height was expressly forbidden by the statute.

The statute is not unconstitutional as impairing the obligation of contracts. In addition to the express provisions contained in section three, covering certain kinds of damage, there is a general provision in section four which gives compensation to any person sustaining damage by reason of the limit of the height of the buildings provided for in the act.

Most of the matters stated in regard to the proceedings preliminary to the passage of the act, are incompetent. The act must be construed by an application of its language to the subject to which it relates. If it can be given a reasonable construction which will sustain it as constitutional, it would be our duty so to construe it, even if it appeared that in the endeavors which suggested the legislation, considerations were presented to the Legislature which would not be a sufficient constitutional justification for such an enactment.

The facts disclosed in regard to the circumstances preceding the commencement of this suit do not sustain the defence of laches.

*Decree for the plaintiff.*

## ORDER FOR DECREE.

In the case of *Hosea M. Knowlton, Attorney General*, v. *Henry Bigelow Williams et al.*, pending in the Supreme Judicial Court for the county of Suffolk:

ORDERED, that the clerk of said court in said county make the following entry under said case in the docket of said court, and file a decree as follows, viz.:

*This case came on to be heard and was argued by counsel and thereupon on consideration thereof it is ordered adjudged and decreed as follows: the defendants Williams & Ayer, trustees of the Westminster Chambers Trust, so called, and each of them, and their servants and agents are enjoined and restrained from maintaining the building mentioned in the*

*information, and known as Westminster Chambers, after the first day of October next, above the height of ninety feet, and from hereafter constructing or erecting it above that height, and from maintaining it above that height if newly constructed; without prejudice however to their right under the statute to maintain or erect and maintain on said building above the height of ninety feet such steeples, towers, domes, sculptured ornaments, and chimneys as the board of park commissioners of the City of Boston may hereafter approve; and the said Williams & Ayer trustees are commanded and directed on or before the first day of October next to take down and remove those parts of the walls of said building which are above the height of ninety feet, and such other parts of said building as are above that height; this is without prejudice however to their right under the statute to erect and maintain such steeples, towers, domes, sculptured ornaments, and chimneys as the Board of Park Commissioners of the City of Boston may hereafter approve; and the plaintiff shall recover his costs of these defendants.  The other defendants will take no costs.*