SYDNEY S. MORGAN & others *vs.* JOHN BANAS & others.

Hampden.    September 23, 1954. — November 3, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Zoning.   Municipal Corporations,* City council, By-laws and ordinances.
   *Jurisdiction,* Justiciable question.   *Equity   Pleading   and   Practice,*
   Declaratory proceeding, Parties.

An amendment to the zoning ordinance of a city changing a tract of land
   from a residential zone to a business zone was not shown to be invalid
   as "spot zoning" by a record disclosing merely that the tract was a
   vacant one of at least seventeen acres located opposite a tourist court
   on "a main thoroughfare" to other cities, that numerous residences
   were located in the neighborhood, although seemingly not many of
   them on that thoroughfare, and that another zoning change subse-
   quently made had connected the tract with another business zone
   along the thoroughfare.   [695–696]
An amendment to the zoning ordinance of a city was not invalid for want
   of compliance with G. L. (Ter. Ed.) c. 40, § 27, as appearing in St.
   1941, c. 320, in that there was a substantial change in the member-
   ship of the city council through an election between the time the coun-
   cil held a public hearing upon the proposed amendment and the time
   the council voted to adopt it.   [696–697]
Adoption by a city council of an amendment to the city's zoning ordi-
   nance rezoning part only of a tract of land after the planning board
   had held a public hearing and submitted a report with recommenda-
   tions on a proposal to rezone the entire tract was, without further
   reference to the planning board, within the power of the council under
   G. L. (Ter. Ed.) c. 40, § 27, as appearing in St. 1941, c. 320, to "adopt,
   reject, or amend and adopt" a proposed zoning amendment.   [697]
Alleged deceit inducing a city council to adopt an amendment to an
   ordinance was not a proper subject of judicial inquiry nor a ground
   for invalidating the amendment.   [698]
A decree dismissing the bill in a suit in equity under G. L. (Ter. Ed.)
   c. 231A for a declaratory decree as to the validity of a city ordinance
   was correct where the city was not a party to the suit as is required
   by § 8 of c. 231A.   [698]

BILL IN EQUITY, filed in the Superior Court on March 27,
1952.

The suit was heard by *Meagher,* J.

*Charles V. Ryan, Jr.,* (*James F. Egan* with him,) for the plaintiffs.

*Joseph P. Zajac,* for the defendant Banas.

*Donald A. Clancy,* Associate City Solicitor, for the defendants city council and mayor of Springfield.

QUA, C.J. This is a bill for a declaratory decree as to the validity of an amendment to the zoning ordinance of Springfield whereby certain land of the defendant Banas on the north side of Boston Road was changed from "Residence B" to "Business A." The trial judge found the amendment valid. Beyond this he made no express findings. He dismissed the bill. The evidence is reported.

The plaintiffs insist that the amendment is invalid for several reasons with which we shall deal in turn.

1. There is not enough in the evidence to prove that this is an instance of so called "spot zoning." There appear to have been at least seventeen acres in the tract rezoned. So far as appears all of this was vacant land. There was practically no evidence as to the character of Boston Road, except that it was "a main throughfare" to Worcester and Boston, or as to the distance of the locus from the business center of Springfield, the growth or lack of growth of this section of the city, or the location of other businesses with respect to this tract. It does appear, however, that the business of a tourist court is conducted on the south side of Boston Road opposite the Banas land. There was evidence that many residences were in the neighborhood, but even with the assistance of the exhibits it is impossible to acquire from the record any very accurate idea of their location. Not many seem to have been on Boston Road. There was no evidence as to the surface of the Banas land, whether rough or smooth, high or low, or as to how this land compared with surrounding lands in any respect. There was no evidence as to how the surrounding lands were zoned, except that after the change to which objection is made in this proceeding another zoning change connected the Banas land on the west with another business zone along Boston Road. There is nothing in this evidence to justify a finding that the

city council did not act reasonably with "Due regard . . . to the characteristics of the different parts of the city" for the purposes laid down in G. L. (Ter. Ed.) c. 40, § 25, as appearing in St. 1933, c. 269, § 1.[1] *Lamarre* v. *Commissioner of Public Works of Fall River*, 324 Mass. 542, 544–546, and cases cited. *Shannon* v. *Building Inspector of Woburn*, 328 Mass. 633, 635–638. *Marblehead* v. *Rosenthal*, 316 Mass. 124, 126. Compare *Caputo* v. *Board of Appeals of Somerville, ante,* 547.

2. It is contended that the formal requirements of G. L. (Ter. Ed.) c. 40, § 27, as appearing in St. 1941, c. 320, were not observed because the hearing before the city council was held on December 27, 1951, and the amendment was voted on February 25, 1952, and in the meantime there had been an election which had resulted in a change of eleven members in the city council of twenty-six members, including a change in the majority in the board of aldermen.

We do not believe that the changes in membership required a second hearing. Otherwise we should apparently be forced to say that any change at all in membership would render a previous hearing nugatory. The statute does not require that only those who attend the hearing should vote upon the ordinance. The statute itself provides that the hearing may be held by a committee appointed for the purpose. And in towns the only hearing is before the planning board or selectmen, although the by-law is finally voted upon by the town meeting as a whole. An advertised public hearing upon a matter of general interest to a neighborhood does not become a futility by subsequent changes in the personnel of the council. The arguments brought out and the reaction of the public to the proposal would generally be known to successor members. The plaintiffs' contention on this point would seem to be fully answered by *Taintor* v. *Mayor & City Council of Cambridge*, 192 Mass. 522. And see *Zeo* v. *City Council of Springfield*, 241 Mass. 340, 344–345. The cases of *Sesnovich* v. *Board of Appeal of Boston,*

---

[1] The amendment by St. 1950, c. 325, § 1, has no bearing on this case.

Morgan *v.* Banas.

313 Mass. 393, and *Perkins* v. *School Committee of Quincy,* 315 Mass. 47, are distinguishable both as to their subject matter and as to the wording of the statutes involved. One distinction is that the action of the board in those cases was quasi judicial rather than legislative in character. See *Coleman* v. *Board of Appeal of Boston,* 281 Mass. 112, 115.

3. It is contended that the previous hearing before the planning board and the recommendations of that board were insufficient because they related to a petition by Banas for rezoning his entire tract alleged in the bill to contain twenty-eight acres,[1] whereas in fact the city council ultimately rezoned only about seventeen acres out of that tract. It is argued that the amendment adopted was not the same as that proposed and that a further reference to and hearing by the planning board were necessary to comply with c. 40, § 27.

One answer to this contention is that paragraphs 8 and 9 of the plaintiffs' bill, the truth of which (with an exception not here material) is admitted in the defendants' answers, can only be construed as alleging that the entire tract included in the petition, whatever its area, was rezoned. The amended ordinance itself does not appear in the record. But even if it be the fact that only seventeen acres were rezoned out of twenty-eight petitioned for, and if that fact could be shown in spite of the pleadings, there would be nothing in the point. Section 27 provides that after the required hearings and the report by the planning board the city council "may adopt, reject, or amend and adopt any such proposed ordinance or by-law." An amendment as the result of which only part of the tract originally described is rezoned is within the wording above quoted. No further reference to the planning board was necessary. See *Burlington* v. *Dunn,* 318 Mass. 216, 218–219; *Lundy* v. *Wayland,* 328 Mass. 581, 582–583. Compare *Fish* v. *Canton,* 322 Mass. 219, 222–224.

In this connection we may add that it is immaterial that

---

[1] Dimensions of the tract also stated in the bill seem difficult, if not impossible, to reconcile with the allegation that it contained as many as twenty-eight acres.

the judge in his finding refers to the amendment as "purporting to change the zone of the twenty-eight acres." At most this was nothing but an inaccuracy in describing the amendment which the judge plainly intended to hold valid. Moreover, the language of the judge was warranted by the state of the pleadings.

4. It is contended that the amendment is invalid because Banas deceived the city council as to the use he intended to make of his land if it should be rezoned. It is settled, however, that courts cannot, for the purpose of determining the validity of legislation, receive evidence of the inducements and motives of the legislators in enacting it. *Paine* v. *Boston,* 124 Mass. 486, 490. *Attorney General* v. *Williams,* 178 Mass. 330, 335. *Donovan* v. *Suffolk County Apportionment Commissioners,* 225 Mass. 55, 58. *Attorney General* v. *Secretary of the Commonwealth,* 306 Mass. 25, 48. *Simon* v. *Needham,* 311 Mass. 560, 566. *Rosenberg* v. *Whitefish Bay,* 199 Wis. 214, 218. *Angle* v. *Chicago, St. Paul, Minneapolis & Omaha Railway,* 151 U. S. 1, 18–19. *Calder* v. *Michigan,* 218 U. S. 591, 598. *Daniel* v. *Family Security Life Ins. Co.* 336 U. S. 220, 224.

5. A bill for a declaratory decree is not usually dismissed because the court refuses the interpretation sought by the plaintiff. Ordinarily a declaratory decree will be entered in any event. *Merchants Mutual Casualty Co.* v. *Leone,* 298 Mass. 96, 99. *Zaltman* v. *Daris, ante,* 458, 459, 462. But this case "involves the validity of a municipal ordinance" of the city of Springfield, and the city has not been made a party. We think that by the language of G. L. (Ter. Ed.) c. 231A, § 8, inserted by St. 1945, c. 582, § 1, the city is made an indispensable party, and that the case cannot go on to a declaratory decree in its absence. The decree dismissing the bill was therefore technically correct. Doubtless we could have disposed of the case upon this ground alone, but as our decision is in favor of the validity of the ordinance, we have thought it better to deal with the questions presented and argued.

*Decree affirmed.*