97 So.2d 582

**BOND'S JEWELRY COMPANY, Inc.**

v.

**CITY OF MOBILE.**

I Div. 618.

Supreme Court of Alabama.

Oct. 24, 1957.

Chris C. Delaney, Mobile, for appellant.

Vincent F. Kilborn and Fred Collins, Mobile, for appellee.

LIVINGSTON, Chief Justice.

This is a declaratory judgment action to test the constitutionality of Section 766, as amended, of Article 2 of Chapter 73 of the Code of Ordinances of the City of Mobile of 1947.

The ordinance in question, in substance, prohibits the sale or disposition at auction within the City of Mobile any gold, silver, plated ware, precious stones, watches, clocks, jewelry, bric-a-brac, china or glassware during the months of November and December.

The bill avers:

"Complainant avers that the Ordinance purporting to amend Section 766 of Article 2 of Chapter 73 of the Code of Ordinances of the City of Mobile of 1947, is, as to your Complainant violative of the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and is violative of Article One, Section One, Article One, Section Twenty-two and Article One, Section Thirty-five, of the Constitution of the State of Alabama of 1901, in that it is unreasonable, discriminatory, arbitrary and capricious, it deprives Complainant of property without due process of law, it denies to the Complainant equal protection of the laws, it is not a proper exercise of police power, and it is not for the benefit of the public but for the benefit of a minority group."

The bill prays, in part, as follows:

"Complainant further prays that upon a hearing of this bill, this Honorable Court will decree that, as to your Complainant, the ordinance adopted by the Commissioners of the City of Mobile referred to in this bill, is violative of the Fifth and Fourteenth Amendments to the Constitution of the

United States of America, and is violative of Article One, Section One, Article One, Section Twenty-two, and Article One, Section Thirty-five of the Constitution of the State of Alabama of 1901, in that it is unreasonable, discriminatory, arbitrary and capricious, it deprives Complainant of property without due process of law, it denies to the Complainant equal protection of the laws, it is not a proper exercise of police power, and is not for the benefit of the public but for the benefit of a minority group."

Section 166 of Title 7, Code of Alabama 1940, provides as follows:

"All persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard."

At the threshold, we are met with the fact that the record before us fails to disclose a compliance with the provisions of Section 166, Title 7, supra.

Under the holding of this court in Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27, 29, the allegations of the bill in the instant case require service of "a copy of the proceeding" on the Attorney General.

In Wheeler v. Bullington, supra, it was held:

"* * * It appears to be universally held that compliance with this provision is mandatory and goes to the jurisdiction of the court. * * *"

It is clear, therefore, that the trial court never acquired jurisdiction to render

the decree appealed from, and said decree is void. The absence of jurisdiction is apparent on the face of the record.

A void decree will not support an appeal; this court can acquire no jurisdiction on such an appeal even by consent of the parties; it must take notice of its own want of jurisdiction apparent on the record. Craig v. Root, 247 Ala. 479, 484, 25 So.2d 147, 152; 2 Ala.Dig., Appeal and Error, 23, and authorities there cited.

The decree of the lower court being void on its face, this court is without jurisdiction to entertain this appeal, and the same must be dismissed.

Appeal dismissed.

LAWSON, MERRILL and COLEMAN, JJ., concur.