**98 So.2d 50**

**BUSCH JEWELRY COMPANY**

**v.**

**CITY OF BESSEMER et al.**

**6 Div. 940.**

Supreme Court of Alabama.

Oct. 31, 1957.

J. Asa Rountree, III., Meade Whitaker and Cabaniss & Johnston, Birmingham, for appellant.

Lee Bains, Bessemer, and Richard A. Billups, Jr., Jackson, Miss., for appellees.

COLEMAN, Justice.

Appellant filed its bill for declaratory judgment against the City of Bessemer et al. attacking the validity of Ordinance No. 1112 of the City of Bessemer, adopted February 9, 1954.

We are unable to find from the record that "the attorney-general of the state" has been "served with a copy of the proceeding." In fact, the record does not in anywise refer to the Attorney General of this State.

§ 166 of Title 7, 1940 Code, provides as follows:

"Parties when declaratory relief is sought.—All persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entited to be heard, and *if the* statute, *ordinance,* or franchise *is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard."* (Emphasis supplied.)

Paragraph 8 of the Amended Bill contains the following recital:

" * * * complainant avers that said Ordinance No. 1112, if applicable to it and to any licensed optometrist employed by it to take charge of said optometric department in said Bessemer store (as required by law), would prohibit complainant from operating said department and from advertising same to the public; that respondents interpret said ordinance to be applicable to complainant and to deny such rights to it; that *said ordinance,* if so applicable to complainant and to any licensed optometrist so employed by it, is, in its entirety, contrary to the laws of the State of Alabama, invades an area which municipalities in Alabama are incompetent to regulate, is unnecessarily vague, and *constitutes a taking of complainant's property and property rights* without due process *in violation of the* laws and *constitutions of the State of Alabama and of the United States."* (Emphasis supplied.)

Thus it appears in the instant case that the ordinance *"is alleged to be unconstitutional."*

Under the holding of this court in Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27, 29, the allegations of the bill in the case at bar require service of "a copy of the proceeding" on the Attorney General. The record does not show that this service has been made.

In Wheeler v. Bullington, supra, with reference to this requirement of the statute, this court said:

" * * * it appears to be universally held that compliance with this provision is mandatory and *goes to the jurisdiction of the court.* * * *" (Emphasis supplied.)

Under that holding we cannot avoid the conclusion that the court below never acquired jurisdiction to authorize the rendition of the decree appealed from and that said decree is void.

█ The absence of jurisdiction is apparent on the face of the record. This court has held:

" * * * a void decree will not support an appeal; this court can acquire no jurisdiction on such an appeal even by consent of parties; it must take notice of its own want of jurisdiction apparent on the record. * * *" Craig v. Root, 247 Ala. 479, 484, 25 So.2d 147, 152; 2 Ala. Digest, Appeal and Error, ☜ 23, and authorities there cited.

Because the decree in the court below is void on the face of the record, this court is without jurisdiction to entertain this appeal.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.