102 So.2d 1

**George Dewey SMITH**

v.

**J. T. LANCASTER et al.**

**7 Div. 300.**

Supreme Court of Alabama.

April 10, 1958.

Lusk, Swann & Burns, Gadsden, for appellant.

Hawkins & Rhea, Gadsden, for appellees.

COLEMAN, Justice.

In his brief, appellant states the case as follows:

"This is an appeal by the plaintiff, as appellant, from a final decree in a *suit* filed *for a declaratory judgment* with respect to the constitutionality of an

Act of the Legislature passed as a General Act and no notice given of intention to introduce. * * *." (Emphasis supplied.)

The act involved is Act No. 429, approved August 27, 1953. 1953 Acts, Regular Session, page 529.

The act "is alleged to be unconstitutional" by the following pertinent averments in the bill of complaint:

"7. Plaintiff avers that the Act is in violation of, and does not conform to Section 45 of the Constitution of the State of Alabama, * * *.

"10. Said Act is unconstitutional and violative of Section 106 of the Constitution * * *.

"11. Said Act is in violation of Section 22 of the Constitution of Alabama * * *."

The prayer for relief in pertinent part is as follows:

"Wherefore, plaintiff prays * * * that upon a final decree this court will hold that said Act is unconstitutional and void and of no force and effect; * * *."

§ 166 of Title 7, Code 1940, provides as follows:

"Parties when declaratory relief is sought.—All persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and *if the statute,* ordinance, or franchise *is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard."* (Emphasis supplied.)

 It does not appear from the record that the attorney general was ever "served with a copy of the proceeding." We have held that failure to serve the attorney general "goes to the jurisdiction of the court," that the "absence of jurisdiction is apparent on the face of the record," and that we must take notice of our own want of jurisdiction apparent on the record. Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27, 29; Bond's Jewelry Company v. City of Mobile, 266 Ala. 463, 97 So.2d 582, 584; Busch Jewelry Company v. City of Bessemer, 266 Ala. 492, 98 So.2d 50.

Under the foregoing authorities, this appeal must be dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.