113 So.2d 200

**W. M. COLE et al.**

v.

**SYLACAUGA HOSPITAL BOARD.**

**7 Div. 428.**

Supreme Court of Alabama.

March 12, 1959.

Rehearing Denied June 25, 1959.

**406**

Guy Sparks, Anniston, for appellants.

Thos. Reuben Bell and McKay & Livingston, Sylacauga, for appellee.

MERRILL, Justice.

This appeal is from a decree granting a temporary injunction, at the request of the Sylacauga Hospital Board, enjoining the Sylacauga Civil Service Board from exercising any power or control over the Hospital Board, and from holding a civil service examination for the office of Administrator of the Sylacauga Hospital.

The Hospital Board filed its bill of complaint for a declaratory judgment and a temporary injunction. The bill charged that the local act creating the Civil Service Board, Act No. 428, Acts of Alabama 1951, p. 763, is unconstitutional in that it violates subdivision (18) of Sec. 104 and other sections of the Constitution of 1901, and that the Civil Service Act has been amended by Act 63, General Acts of 1957, listed in 1957 Supplement as Tit. 22, § 190(1), which permitted city hospitals to incorporate, and it alleged that the Sylacauga Hospital had become incorporated and was no longer under the city or the Civil Service Board. The Hospital Board, appellee, prayed for a temporary injunction and a declaration of rights and legal status of the parties.

No demurrer was filed, but the Civil Service Board filed an answer in which it affirmed its claim of right to hold the examination for the administrator of the hospital, denied the unconstitutionality of the

Civil Service Act or that the hospital had been amended out of the act; and also sought a declaration that the Civil Service Law was constitutional and that the Civil Service Board had jurisdiction over the employees of the Hospital Board.

The law firm of McKay and Livingston, by C. W. McKay, Jr., appeared on the bill as solicitor for complainants. The respondents made a motion to require McKay to withdraw from the proceeding on the ground that he had represented the respondents in respect to the identical issues that are involved in this litigation. This motion was denied and dismissed after a hearing before Judge Sullivan. This particular appeal is concerned with the denial of the motion and the granting of the temporary injunction. We only reach the merits of the case to the extent of whether the bill has equity. Both sides to the controversy assert that there is a justiciable controversy, and that the legal status of the Civil Service Board is in question and that there must be a declaration of rights, including the constitutionality of the Civil Service Act.

▮▮ Appellants state in brief that this appeal is from the denial and dismissal of the motion to remove McKay and from the order granting the temporary injunction, and the record supports this statement. The action on the motion is not such an interlocutory decree as will support an appeal. Tit. 7, § 755, Code 1940. The order granting the temporary injunction will support an appeal. Tit. 7, § 1057, Code 1940.

▮ We come now to question of the injunction. The only reason we need to decide whether there is equity in the bill is because of the injunction feature. A bill without equity will not support an injunction of any character under any circumstances. Kimbrough v. Hardison, 263 Ala. 132, 81 So.2d 606, and cases there cited.

▮ As already noted, the bill challenges the status of the Civil Service Board on two grounds, the first being that the local act creating the Civil Service Board is uncon-stitutional. The bill alleges that the act violates several sections of the Constitution, but the only section sufficiently argued in brief is subdivision (18) of Sec. 104. That question was decided adversely to appellees in State ex rel. Howard v. Cole, Ala., 110 So.2d 273. The second ground was that the Civil Service Act had been amended by Act 63, Acts of Alabama 1957. We think this ground is sustained.

When the Civil Service Act was passed in 1951, the city hospital was being operated by the City of Sylacauga and Sec. 2 of the act provided that "the word 'employee' as used herein shall mean all persons employed by the City of Sylacauga, * * * in all the departments of the city, and in the city hospital, * * *." But in 1957, the Legislature passed Act 63, Acts of Alabama 1957, p. 102, now listed in the 1957 Supplement as Tit. 22, § 190(1), and reading as follows:

"Any public body heretofore or hereafter created and established by ordinance or resolution pursuant to Chapter 6 of Title 22, Code of Alabama (1940) may become a body corporate and politic under the name set forth in such ordinance or resolution by filing a certified copy of such ordinance or resolution with the Secretary of State, to be recorded in his office. The members of such public body shall constitute the members of the corporation until they are succeeded by other members as provided by said ordinance or resolution. Neither the members of the corporation nor its directors or officers shall be personally liable for the debts, torts, or undertakings of the corporation.

"The corporations provided for by this section shall have all the power and authority of county hospital boards as provided for by an act approved June 2, 1949, [§§ 204(18)–204(30) of this title], except that such corporations shall not have or exercise any power which is inconsistent with or repugnant to the provisions of the ordinance or resolution under which it came into existence.

"This section shall be deemed to be cumulative."

The bill shows that the City of Sylacauga, pursuant to Act No. 63, passed an ordinance on August 5, 1958, establishing the Sylacauga Hospital Board and permitting it to become "a body corporate and politic" under the act, and on August 6, 1958, the Hospital Board became a body corporate, and these proceedings were filed in the office of the Secretary of State. It further alleges that "under the provisions of Title 22, Section 190(1) and Section 204(24) of the Code of Alabama, 1940, as amended, complainant has power, together with all powers incidental thereto or necessary to the discharge thereof in corporate form to maintain and operate a hospital and to do all things necessary to that end, to conduct nurse's training schools, to appoint and employ such officers and agents, including attorneys, as the business of the corporation requires and to make rules and regulations for the conduct of any hospital owned or operated by it and to alter such rules and regulations; That under and in accordance with its corporate powers, complainant has the power to exercise and has exercised, charge, control and management of the property, affairs and funds of the Sylacauga Hospital;." Thus, it appears that the city has voluntarily elected to turn the operation of the hospital over to a separate corporation and that the employees of the Hospital Board are no longer employees of the city. This is further evidenced by the fact that full corporate powers are given the corporation under Sec. 204(24); and Sec. 204(25) provides, inter alia, that " * * * All debts created and securities issued by the corporation shall be solely and exclusively an obligation of the corporation and shall not create an obligation or debt of the State of Alabama or of any county or municipality. The faith and credit of the State of Alabama or of any county or municipality therein shall never be pledged for the payment of any debt incurred or securities issued by the corporation. * * * "

A case in point is Personnel Board of Mobile County v. City of Mobile, 264 Ala. 56, 84 So.2d 365, 368. A county-wide civil service system had been established by local law. It also applied to certain municipalities in the county. Later, a general law with local application was passed to take the office of Chief of Police out of the system. We said:

"As a general rule a general law does not by implication amend or repeal a local law. (Citing cases). But it may do so to carry out the intent of the legislature." (Citing cases).

Here, as there, certain conditions were prescribed on which the law would be operative and effective. The conditions were met by compliance with Act No. 63 (Tit. 22, § 190(1)).

This court discussed at length the constitutionality of an act permitting the incorporation of industrial development boards under the authority of municipalities of this state in Opinion of the Justices, 254 Ala. 506, 49 So.2d 175, 180. While the discussion was directed to Sec. 94 of the Constitution, there is a close analogy to the instant case. The opinion contains the following:

"It is well established by the decisions of this court that a public corporation is a separate entity from the state and from any local political subdivision, including a city or county, within which it is organized. * * *

* * * * * *

"The reasoning underlying the cases holding that debts and other obligations of public corporations and quasi-corporations are not debts of the political subdivision in which they operate or of the state, applies with equal force to the proposition that the operations of a corporation under Act No. 648 which has a separate corporate existence from a municipality and which is without power to impose any liability on the municipality cannot be deemed

to be the actions of the city or town, as the case may be, within the meaning of Section 94 of the Constitution. No municipality has any control over the expenditure of funds or the incurring of obligations by an industrial development board organized under Act No. 648 and no municipality can incur any liability upon any obligation incurred by such corporation. We think it necessarily follows that the actions of an industrial development board organized under Act No. 648 do not constitute actions taken by a city or town within the meaning of Section 94."

. We conclude that since the Hospital Board became a separate entity from the City of Sylacauga, the Civil Service law, by its terms, no longer applies to the employees of the Hospital Board. This conclusion means that the bill did contain equity and would support a temporary injunction.

It appears settled in this state that when a bill contains equity, an order granting a temporary injunction to preserve the status quo until a final hearing will be reversed only if the discretion of the trial judge is exercised arbitrarily or is abused. Berman v. Wreck-A-Pair Building Co., 234 Ala. 293, 175 So. 269; Madison Limestone Co. v. McDonald, 264 Ala. 295, 87 So.2d 539. Appellants do not argue that the trial judge abused his discretion and we find no abuse or arbitrary exercise of that discretion, and the decree of the trial court is due to be affirmed.

We note in passing that even though the prayer of the bill asks service on the Attorney General, the record does not show such service required by Tit. 7, § 166, Code 1940. We call attention to the fact that since the unconstitutionality of a statute is alleged, the record must show service on the Attorney General before the lower court has jurisdiction to proceed to a declaration of rights. Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27; Bond's Jewelry Co. v. City of Mobile, 266 Ala. 463, 97 So.2d 582; Busch Jewelry Co. v. City of Bessemer, 266 Ala. 492, 98 So.2d 50; Smith v. Lancaster, 267 Ala. 366, 102 So.2d 1.

Affirmed.

All the Justices concur.