123 So.2d 122

PAK–A–SAK OF ALABAMA, INC., et al.,

v.

William H. LAUTEN et al.

1 Div. 828.

Supreme Court of Alabama.

Sept. 15, 1960.

277

Holberg, Tully & Mobley, Mobile, for appellants.

William R. Lauten, an appellee pro se.

LAWSON, Justice.

This suit was filed in the Circuit Court of Mobile County, in Equity, by William H. Lauten and many other persons against Pak-A-Sak of Alabama, Inc., a corporation; Drive-In Realty, Inc., a corporation; Stuart Construction Company, Inc., a corporation; and the City of Mobile.

The ultimate objective of the suit is to prevent Pak-A-Sak from constructing a large food store within a subdivision of the City of Mobile known as Ton Lours. From a decree overruling their separate demurrers the respondents, other than the City of Mobile, appealed to this court.

Submission here was on the merits, on the motion of appellee Lauten to dismiss

the appeal because the Attorney General of Alabama was not advised of the appeal and was not summoned to appear before this court and unite in the appeal if he sees proper; on the motion of appellee Lauten to strike appellants' brief and affirm the decree appealed from because appellants' brief was not timely filed; on appellants' application for an order extending the time for filing the transcript of the record in this court to include May 23, 1959, the day on which the so-called "supplemental transcript" was received and marked filed in the office of the clerk of this court; and on appellee Lauten's motion to strike appellants' application for extension of time.

### Motion to Dismiss Appeal.

■ The complainants evidently considered their bill as seeking a declaratory judgment to the effect that the zoning ordinance of the City of Mobile under attack was unconstitutional, for they caused a copy of the complaint to be served on the Attorney General of Alabama, thereby complying with the provisions of § 166, Title 7, Code 1940, which section relates only to certain types of declaratory judgment proceedings. See Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27; Bond's Jewelry Co. v. City of Mobile, 266 Ala. 463, 97 So.2d 582; Busch Jewelry Co. v. City of Bessemer, 266 Ala. 492, 98 So.2d 50.

Although served with a copy of the complaint, the Attorney General has not appeared in the proceeding up to this time and we are not aware of any reason why he should have been summoned to join in the appeal to this court. Section 804, Title 7, Code 1940, cited by movant, does not so require. See Johnson v. Green, 259 Ala. 511, 66 So.2d 768.

The motion to dismiss the appeal is without merit and is overruled.

### Motion to Strike Appellants' Brief and to Affirm Appellants' Application for Order Extending Time Within Which to File Transcript of Record in this Court.

### Motion to Strike Appellants' Application for Order of Extension.

Appellee Lauten insists that appellants' brief was filed too late, hence the brief should be stricken and the decree of the trial court affirmed.

If the appellants' brief was filed too late it is because the office of the clerk of this court mistakenly marked filed a "supplemental transcript" after the time for filing the transcript had expired. The so-called "supplemental transcript" contained only an application to the trial court by the attorneys who had represented appellees in the trial of the cause for permission to withdraw as counsel for appellees and the court's order granting such permission. The application and the order were both made after an appeal had been taken to this court and after the original transcript had been certified as being correct by the register. They did not have to be in the transcript of the record.

■ The day the "supplemental transcript" was marked filed was mistakenly treated by a member of this court as being the correct day from which to compute the time within which appellants' original brief could be filed under an order of extension as provided for in Supreme Court Rule 12, Code 1940, Tit. 7, Appendix—261 Ala. XXIV. Appellants' brief was filed within the time designated in the order of extension and appellants should not be deprived of their right of review by this court because of the mistakes alluded to above. In order to obviate these mistakes we feel constrained to grant appellants' application made prior to submission to extend the time for filing the transcript of the record so as to include May 23, 1959, the day on which the "supplemental transcript" was filed here.

Supreme Court Rule 37, as amended (263 Ala. XXI), has been construed as

giving this court the authority to extend the time for the filing of the transcript of the record after submission, where good cause is shown, on a petition in writing seeking such relief filed before submission, of which adversary counsel had ten days notice, where an application for extension had been previously made to the trial judge or when no such application has been made, if it is shown that the trial judge was either unavailable or that there was a good and sufficient reason for not making an application to him. City of Athens v. Cook, 269 Ala. 364, 113 So.2d 133; Taylor v. Peoples Fertilizer Co., 270 Ala. 243, 117 So. 2d 180; State, for Use of Russell County v. Fourth National Bank of Columbus, Ga., 270 Ala. 135, 117 So.2d 145.

Here the trial judge had granted a thirty-day extension within which to file the transcript of the record. He had no authority to make another extension and, hence, another application to him for an extension would have been useless. The application for extension was made to this court prior to submission on a petition in writing of which appellee Lauten had more than ten days notice. The erroneous action here in connection with the "supplemental transcript" constitutes good cause for extending the time for filing the transcript of the record.

Appellee Lauten's motion to strike appellants' application for an order extending the time within which to file the transcript of the record so as to include May 23, 1959, is overruled.

Appellants' application for such an order is granted.

Since the transcript of the record is to be treated as having been filed on May 23, 1959, appellants' brief was timely filed. Hence appellee Lauten's motion to strike appellants' brief and to affirm the decree is denied.

#### On the Merits.

Each of the respondents which have appealed to this court addressed grounds of demurrer to the bill as a whole and to twelve so-called aspects.

Evidently they have construed the decree of the trial court as overruling the grounds of the demurrer addressed to the several aspects, for they have made a number of assignments of error to that effect, which is, of course, the proper procedure where the decree overrules the demurrer or demurrers addressed to the aspects. Madison Limestone Co. v. McDonald, 264 Ala. 291, 87 So.2d 545, and cases cited.

■ But in the decree from which this appeal is taken the trial court has not ruled on the demurrers addressed to the aspects. The decree is general. We said in Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749, that such a decree constitutes only a ruling on the demurrer addressed to the bill as a whole. See Trustees of Howard College v. McNabb, 268 Ala. 635, 108 So.2d 835, and cases cited.

The assignments of error which relate to the demurrers addressed to the aspects are clearly without merit for they are not predicated on a ruling of the court. It is essential that they be so addressed. Madison Limestone Co. v. McDonald, 264 Ala. 295, 87 So.2d 539, and cases cited.

■■ If appellants' brief can be said to contain an argument of any assignment of error it must be construed as arguing all of the assignments of error in bulk, for there is no reference in appellants' brief to any of the fourteen assignments of error. This court has held consistently that where unrelated assignments of error are argued together and one is without merit, the others will not be considered. Bolton v. Barnett Lumber & Supply Co., 267 Ala. 74, 100 So.2d 9, and cases cited; Thompson v. State, 267 Ala. 22, 99 So.2d 198. The rule permitting several assignments of error raising kindred questions to be presented in the same argument cannot be applied here for the assignments of error do not all raise kindred questions.

The assignments of error challenging the action of the trial court in overruling the demurrer to the bill as a whole will

not be considered in view of the lack of merit in the other assignments of error with which they have been grouped in argument.

But even if it could be said that the assignments of error which challenge the action of the trial court in overruling the demurrer to the bill as a whole are so treated in appellants' brief as to warrant out consideration, we would be confronted with the question as to which ground or grounds of the demurrer addressed to the bill as a whole do the appellants contend are well taken. One hundred and eight grounds of demurrer were addressed to the bill as a whole and not a single one of them is pointed out in the appellants' brief as being well taken, although we have frequently said that where the action of the trial court in overruling a demurrer to a bill in equity is assigned as error, we treat only those grounds of the demurrer insisted upon in brief as having been well taken. Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509; Brewer v. Brewer, 259 Ala. 149, 66 So.2d 450; Cook v. Whitehead, 255 Ala. 401, 51 So.2d 886; Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107; Groover v. Darden, 259 Ala. 607, 68 So.2d 28.

It seems that the appellees and the appellants both construed the amended bill as seeking declaratory relief in one of its aspects. We say this because the appellees, the complainants below, had a copy of the bill served on the Attorney General and the respondents addressed grounds of demurrer to " * * * that aspect of the Bill of Complaint by which the Complainants seek an order declaring that the zoning ordinance of 1945, amendatory to the zoning ordinance of 1934, as amended, of the City of Mobile, be declared null, void and invalid; * * *"

We have said that ordinarily where a bill for a declaratory judgment shows a bona fide justiciable controversy which should be settled, demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100. As pointed out in Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11, the test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory or contention, but whether he is entitled to a declaration of rights at all.

We could not, therefore, say that the trial court erred in overruling the demurrer addressed to the bill as a whole inasmuch as the averments of the amended bill sufficiently state a case for a declaratory judgment in one of its aspects, even if the assignments of error challenging the action of the trial court in overruling the demurrer to the bill as a whole could be considered.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.