127 So.2d 618

**TOWN OF WARRIOR et al.**

v.

**J. F. BLAYLOCK.**

6 Div. 654.

Supreme Court of Alabama.

March 2, 1961.

Rogers, Howard, Redden & Mills, Birmingham, for appellants.

Cato & Hicks, Birmingham, for appellee.

COLEMAN, Justice.

This is an appeal from a decree of the circuit court, in equity, overruling a demurrer to a bill for declaratory judgment.

The bill alleges that Ordinance No. 210 of the Town of Warrior is violative of the Constitution of the United States and the Constitution of the State of Alabama and prays for a declaration that said ordinance is violative of said Constitutions.

This court has held that under § 166, Title 7, Code 1940, in a declaratory proceeding which involves the validity of a municipal ordinance, if the ordinance is alleged to be unconstitutional, the attorney general of the state must be served with a copy of the proceedings; and, if the record fails to show service on the attorney general, the court does not acquire jurisdiction and is not authorized to render a decree in such cause. The result is that a decree rendered without such service will not support an appeal and we must take notice of our own want of jurisdiction apparent on the record. Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27; Bond's Jewelry Co. v. City of Mobile, 266 Ala. 463, 97 So.2d 582; Busch Jewelry Co. v. City of Bessemer, 266 Ala. 492, 98 So.2d 50; Smith v. Lancaster, 267 Ala. 366, 102 So.2d 1; Cole v. Sylacauga Hospital Board, 269 Ala. 405, 113 So.2d 200.

The complainant appears to be aware of the rule because the bill prays that a copy thereof be sent by registered mail to the attorney general, but we have not found in the record any showing that the attorney general has been served with a copy of the proceedings in any manner. We are not to be understood as intimating that sending a copy of the bill of complaint to the attorney general by mail, registered or otherwise, would constitute sufficient service on him. The statute provides that "the attorney-general of the state shall also be *served* with a copy * * *," and does not provide that a copy be sent to him by mail.

Under the cases cited we are without jurisdiction to entertain this appeal and it must be dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.