183 So.2d 798

**Paul N. SULLIVAN**

v.

**Marie McIntyre MURPHY et al.**

3 Div. 109.

Supreme Court of Alabama.

March 3, 1966.

John P. Kohn and Hugh Maddox, Montgomery, for appellant.

Jones, Murray & Stewart, Montgomery, for appellees.

LAWSON, Justice.

This is an appeal from a decree of the Circuit Court of Montgomery County, in Equity, dismissing a bill for declaratory judgment after demurrer interposed to the bill was sustained and the complainant refused to plead further.

The bill alleges among other things that "Act No. 905, Acts of Alabama, 1961, p. 1433, creating the Montgomery County Court is unconstitutional and void." It is alleged in the bill that said Act 905 is unconstitutional and void as being violative of several sections of our Constitution not necessary to mention here. The bill prays in part: "That this Court will declare that the Montgomery County Court is an unconstitutional court."

Section 166, Title 7, Code 1940, reads:

"All persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and *if the statute,* ordinance, or franchise *is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard.*" (Emphasis supplied)

 It does not appear from the record that the Attorney General was ever "served with a copy of the proceeding." We have held that failure to serve the Attorney General in a declaratory judgment proceeding wherein the constitutionality of a statute or ordinance is challenged "goes to the jurisdiction of the court"; that the "absence of jurisdiction is apparent on the face of the record"; and that "we must take notice of our own want of jurisdiction apparent on the record." Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27; Bond's Jewelry Company v. City of Mobile, 266 Ala. 463, 97 So.2d 582; Busch Jewelry Company v. City of Bessemer, 266 Ala. 492, 98 So.2d 50; Smith v. Lancaster, 267 Ala. 366, 102 So.2d 1; Town of Warrior v. Blaylock, 271 Ala. 685, 127 So.2d 618. See Pak-A-Sak of Ala., Inc., v. Lauten, 271 Ala. 276, 123 So.2d 122; City of Mobile v. Jax Distributing Co., 267 Ala. 289, 101 So.2d 295; Cole v. Sylacauga Hospital Board, 269 Ala. 405, 113 So.2d 200.

Under the foregoing authorities this appeal must be dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.