184 So.2d 360

**CITY OF GADSDEN**

v.

**Preston W. CARTEE et al.**

**7 Div. 715.**

Supreme Court of Alabama.

March 17, 1966.

Roy D. McCord and Jas. B. Waid, Gadsden, for appellant.

Arthur Burns, Gadsden, for appellee Cartee.

LAWSON, Justice.

This is an appeal from a decree of the Circuit Court of Etowah County, in Equity, rendered in a declaratory judgment proceeding.

The amended bill alleged that certain statutes of this state are in violation of specified sections of the Constitution of this state and prays that those statutes be declared to be unconstitutional.

This court has held that under § 166, Title 7, Code 1940, in a declaratory judgment proceeding wherein is involved the validity of a statute or ordinance, if the statute or ordinance is alleged to be unconstitutional, the attorney general of this state must be served with a copy of the "proceeding"; and, if the record fails to show service on the attorney general, the court does not acquire jurisdiction and is not au-

thorized to render a decree in such cases. The result is that a decree rendered without such service will not support an appeal and we must take notice of our own want of jurisdiction apparent on the record. Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27; Bond's Jewelry Co. v. City of Mobile, 266 Ala. 463, 97 So.2d 582; Busch Jewelry Co. v. City of Bessemer, 266 Ala. 492, 98 So.2d 50; Smith v. Lancaster, 267 Ala. 366, 102 So.2d 1; Town of Warrior v. Blaylock, 271 Ala. 685, 127 So.2d 618; Sullivan v. Murphy, Ala., 183 So.2d 798. See Pak-A-Sak of Alabama, Inc., v. Lauten, 271 Ala. 276, 123 So.2d 122; City of Mobile v. Jax Distributing Co., 267 Ala. 289, 101 So.2d 295; Cole v. Sylacauga Hospital Board, 269 Ala. 405, 113 So.2d 200.

■ Counsel for appellant, complainant below, obviously was aware of the rule because he filed on behalf of appellant a "Petition to Serve Attorney General of Alabama with Copy of Proceedings." But no service was had upon the attorney general insofar as this record discloses. The last amendment to the bill or petition bears the following certificate signed by counsel for appellant:

"I hereby certify that a copy of the foregoing was this day mailed, postage prepaid, to * * *, Attorney for Defendant, Preston W. Cartee, and a copy was this day also mailed to the Hon. Richmond Flowers, Attorney General of the State of Alabama, Capitol Building, Montgomery, Alabama, this the 21st day of April, 1965."

Aside from the fact that the certificate relates to only one of the several amendments which challenged the constitutional validity of the statutes involved, the certificate is not sufficient to show a compliance with § 166, Title 7, *supra*, under our holding in Town of Warrior v. Blaylock, supra, from which we quote as follows:

"The complainant appears to be aware of the rule because the bill prays that a copy thereof be sent by registered mail to the attorney general, but we have not found in the record any showing that the attorney general has been served with a copy of the proceedings in any manner. We are not to be understood as intimating that sending a copy of the bill of complaint to the attorney general by mail, registered or otherwise, would constitute sufficient service on him. The statute provides that 'the attorney-general of the state shall also be *served* with a copy * * *,' and does not provide that a copy be sent to him by mail.

"Under the cases cited we are without jurisdiction to entertain this appeal and it must be dismissed." (271 Ala., 686, 127 So.2d, 619)

It follows that the appeal must be dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.