244 So.2d 791

**BOARD OF TRUSTEES OF EMPLOYEES' RETIREMENT SYSTEM OF the CITY OF MONTGOMERY, Alabama**

v.

**Dorothy Carr TALLEY.**

3 Div. 456.

Supreme Court of Alabama.

Feb. 4, 1971.

Rehearing Denied March 4, 1971.

Walter J. Knabe, Montgomery, for appellant.

Calvin M. Whitesell, Montgomery, for appellee.

McCALL, Justice.

The appellee filed her bill of complaint, in equity, in the circuit court under Tit. 7, § 156, et seq., Code of Alabama, 1940, as amended, being the Alabama version of the Uniform Declaratory Judgment Act, against the Board of Trustees of the Employees' Retirement System of the City of Montgomery for a declaration of rights, status, and other legal relations, under a municipal ordinance, adopted by the Board of Commissioners of the City of Montgomery, Alabama, establishing the Employees' Retirement System for that city. The municipality adopted the ordinance pursuant to the provisions of Act No. 486, Acts of Alabama, 1961, p. 550, authorizing cities within its classification to enact ordinances to establish and maintain a general system of pensions and retirements. Under the ordinance, the Retirement System is placed under the management of a Board of Trustees of the System which consists of

seven members. No respondents, other than the Board of Trustees, are named in the bill. The City of Montgomery is not made a party to the bill.

The complainant, who is the widow of John C. Talley, alleges herself to be a person, interested under this ordinance, whose rights, status, or other legal relations are affected thereunder, because she is the beneficiary designated by her deceased husband, a member of the Retirement System, to receive the retirement allowance at his death, provided in one of the option plans found in Section 6, Subsection 17 of the ordinance. The pertinent portion of this option plan provides that should the retired employee die within thirty days after retirement, his optional election shall not be effective and he shall be considered to be a member in service at the time of his death, and the only benefit payable on his account shall be the return of his contributions, reduced by any retirement allowance payments received by him prior to his death.

Prior to his death on February 25, 1967, John C. Talley applied, on December 29, 1966, for Disability Retirement under the ordinance, requesting that his retirement become effective on February 1, 1967, and stating that he had been totally and permanently disabled since August 23, 1966, and that he was born on September 28, 1917. He elected to receive his retirement allowance under one of the option plans which he had read, and he designated his wife Dorothy Carr Talley, the appellee, who was born on January 10, 1922, as the beneficiary to receive the benefits at his death. The Board denied the appellee's application for retirement allowance on the ground that Mr. Talley had died within thirty days after his retirement, insisting that his nominee, the appellee, was entitled under the ordinance only to a return of the contributions, made to the system by her late husband.

In her amended bill, as last amended, the appellee, Mrs. Talley, attacks the constitutionality of the ordinance and avers that the system was not adopted in the best interests of the employees and is arbitrary, and discriminatory in that it provides windfalls to those responsible for its creation and a roulette system for those it was supposed to be enacted for and she prays that the court declare the ordinance null, void and unconstitutional, or, in the alternative, award her monthly benefits for life.

The chancellor decreed, as being void and unconstitutional, the portion of the ordinance which provides that if a member should die within thirty days after retirement or within thirty days after the date of filing his optional election, whichever is later, his optional election shall not be effective and he shall be considered to be a member in service at the time of his death, with the only benefit payable being the return of the contributions made by him, reduced by any retirement allowance payments which he received prior to death. The court made no finding or statement as to why it decreed the ordinance unconstitutional.

■ There is an actual justiciable controversy existing between the parties to this suit, but it appears from reading the transcript of the record on appeal that the City of Montgomery is not made a party to the suit, notwithstanding the fact that the validity of a municipal ordinance is involved. Thus a question arises as to whether or not the trial court had jurisdiction to proceed to a determination of the case on the merits in the absence of the municipality being a party. This question was not raised by the trial court or the parties.

Tit. 7, § 166, Code of Alabama, 1940, provides as follows:

"All persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a

party, and shall be entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard."

Under the provisions in the first sentence of this statute, it is not fatal to a suit for a declaratory judgment, to omit an interested person as a party, if such person is found to be one whose presence is not necessary to a determination of the controversy between the parties who are before the court, because this is contemplated by § 166, supra, which states in part " * * * no declaration shall prejudice the rights of persons not parties to the proceeding. * * *." Trammell v. Glens Falls Indemnity Co., 259 Ala. 430, 66 So.2d 537; Trustees of Howard College v. McNabb, 268 Ala. 635, 108 So.2d 835; McCall v. Nettles, 251 Ala. 349, 353, 37 So.2d 635.

■ Further, where a person, not made a party to the declaratory judgment proceeding, is found to be a necessary party, and the bill shows on its face an absence of such a party, without whose presence the controversy cannot be determined, the court must require such interested person to be made a party, and if not, the bill is subject to a demurrer assigning that ground. Brantley v. Brantley, 258 Ala. 367, 63 So.2d 29.

The word "shall," in that portion of § 11 (our § 166, supra) of the Uniform Declaratory Judgments Act has been construed to mean "may," because the rights of absent parties having an interest in the controversy are saved from prejudice by the provision in this portion of § 166, supra, which states that " * * * no declaration shall prejudice the rights of persons not parties to the proceeding. * * *." State ex rel. City of Indianapolis v. Brennan, 231 Ind. 492, 109 N.E.2d 409; Annotation: 71 A. L.R.2d 723, 730; 22 Am.Jur.2d, § 80, p. 944, note 18; 26 C.J.S. Declaratory Judgments § 122, p. 282; and Trammell v. Glens Falls Indemnity Co., supra, holds

that this portion of the statute controverts the need for making all interested persons parties, if the parties present represent the merits of the conflict.

There is no such qualification of "shall," in the second and last sentence of this statute, § 166, supra. The plain language of this provision in the statute, dictates that "shall's" logical meaning is "must," for otherwise the statutory requirement to make the municipality a party would be without purpose and meaningless. So, where the validity of a municipal ordinance is involved in a declaratory judgment proceeding, the municipality is to be made a party, because the statute expressly requires that this be done. This second sentence of the statute also provides that the municipality shall be entitled to be heard. The municipality is not afforded an opportunity to be heard until or without first being made a party.

■ The Board of Trustees of the Employees' Retirement System of the City of Montgomery does not constitute the City of Montgomery, the governmental body which adopted the ordinance. Making the Board of Trustees a party is not the same as making the municipality a party. It is clear that they are separate and distinct bodies. City of Danville v. Wilson, Ky., 395 S.W.2d 583, 585. The Board of Trustees, a subdivision or agency of the municipality, is charged with the general administration and the responsibility for the proper operation of the System, and for making effective the provisions of the ordinance. The municipality is charged with appropriating the amount of money necessary to pay the normal and accrued liability contributions to the Pension Accumulation Account for each ensuing year, and the amount of the appropriation required to cover the expense necessary to conduct the administration and operation of the System. The rates of contribution by the municipality to the Pension Accumulation Account are required by the ordinance to be fixed on the basis of the liabilities of the System as shown by actuarial valuation

and the municipality's contribution is required by the ordinance to be sufficient to provide for the payment of any pension or other benefit payable on an employee's account not provided by his own contributions. The trial court's final decree, by declaring void and unconstitutional the thirty day waiting period after retirement or after the election of an option plan, whichever is later, understandably increases the risk of loss and the consequent liability of the municipality to pay the retirement allowance to survivors of employees during their lives, and logically, to meet this increase in amount of liabilities, the City of Montgomery must increase its contributions to raise the money. There may be other instances in which the interest of the municipality under the ordinance is involved, but, be that as it may, here it is sufficient to say that in our opinion the legal relations of the appellee-complainant and the Board of Trustees of the System to the City of Montgomery, arising under this ordinance, and the municipality's relations to the Board and the appellee are so affected by the ordinance as to demonstrate that under Tit. 7, § 166, Code of Alabama, 1940, the municipality is an interested party in this proceeding and that it is entitled to be heard.

The following is taken from 22 Am.Jur. 2d, Declaratory Judgments, § 85, p. 949:

"The Uniform Declaratory Judgments Act provides that in any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party and shall be entitled to be heard. Under this provision, the city is an indispensable party to a bill involving the validity of a municipal ordinances (sic), although the municipality is not the only proper party defendant. * * *

"The Uniform Act further provides that if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard. This provision has been held to be mandatory and jurisdictional, and a condition precedent to the entry of a declaratory decree if constitutionality of a statute or ordinance is involved. * * * "

Under the provision of § 166, supra, that "* * * if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard," it has been held that service on the attorney general is mandatory and goes to the jurisdiction of the court and this court must take notice of our want of jurisdiction apparent on the record. Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27; Bond's Jewelry Co. v. City of Mobile, 266 Ala. 463, 97 So.2d 582; Busch Jewelry Co. v. City of Bessemer, 266 Ala. 492, 98 So.2d 50; Smith v. Lancaster, 267 Ala. 366, 102 So.2d 1; Cole v. Sylacauga Hospital Board, 269 Ala. 405, 113 So.2d 200; Town of Warrior v. Blaylock, 271 Ala. 685, 127 So.2d 618; City of Gadsden v. Cartee, 279 Ala. 280, 184 So.2d 360; See also Ex parte Dothan-Houston County Airport Authority, 282 Ala. 316, 319, 211 So.2d 451. We think the language in the same sentence of § 166, supra, "* * * In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, * * * " is of like compulsory import to that of the other provision in this sentence, and it becomes as equally mandatory to comply with this mandate, as it does with that requiring service on the attorney general when the unconstitutionality of a statute or ordinance is alleged.

While the transcript of the record in this case is absent of any matter showing that the attorney general was served with a copy of the proceeding, or had notice of it, we do find in the appellant's brief mention of the following:

"The court file shows that a copy of the bill of complaint and two amend-

ments were served on the Attorney General of Alabama in August, 1969."

It is not necessary in this case though for us to decide whether or not such an ex parte statement by counsel dehors the record, overcomes the apparent jurisdictional deficiency in the record to show service on the attorney general, because we think that the absence of the municipality as a party shows the lack of jurisdiction of the court.

■ This court held in City of Mobile v. Gulf Development Co., 277 Ala. 431, 440, 171 So.2d 247, that the general rule in a court of equity is that all persons having a material interest, legal or equitable, in the subject matter of a suit, must be made parties, either as plaintiffs or defendants and if the bill is defective for the want of proper parties, advantage should be taken of the defect by plea, demurrer, or answer, and if not so taken, the objection is waived, but if the cause cannot be properly disposed of, on the merits, without the presence of the absent parties, the objection may be made at the hearing, or *on error, it may be taken by the court ex mero motu.* Prout v. Hoge, 57 Ala. 28. See also: Batre v. Auze's Heirs, 5 Ala. 173; McMaken v. Mc-Maken, 18 Ala. 576; Woodward v. Wood, 19 Ala. 213; McCully v. Chapman, 58 Ala. 325; Watson v. Oates, 58 Ala. 647; Amann v. Burke, 237 Ala. 380, 186 So. 769; Matthews v. Matthews, 247 Ala. 472, 25 So.2d 259; Garrison v. Kelly, 257 Ala. 105, 57 So.2d 345; Rollan v. Posey, 271 Ala. 640, 645, 126 So.2d 464, 468.

It is further said in City of Mobile v. Gulf Development Co., supra:

" 'No matter what may be the wishes of the parties in court the courts will not entertain and render decrees, which, for want of necessary parties, cannot adjudicate the questions presented. This rule has been declared by many courts in cases under the Declaratory Judgment Law. Borchard Declaratory Judgments, p. 104 et seq.; Note: 87 A.L.R. 1244; State ex rel. Mellott v. [Board of Com'rs of] Wyandotte County, 128 Kan. 516, 279 P. 1; Perry v. Elizabethton, 160 Tenn. 102, 22 S.W.2d 359.' Holland v. Flinn, 239 Ala. 390, 392, 195 So. 265."

See also Dews v. Peterson, 283 Ala. 650, 652, 219 So.2d 903; Reid v. City of Birmingham, 274 Ala. 629, 638, 150 So.2d 735; Holland v. Flinn, 239 Ala. 390, 195 So. 265; Alabama Independent Service Station Ass'n v. McDowell, 242 Ala. 424, 6 So.2d 502.

■ There is other authority which supports our holding that the omission to join the municipality as party goes to the jurisdiction of the court where the validity of an ordinance is involved.

The case of Laman v. Martin, 235 Ark. 938, 362 S.W.2d 711, was a declaratory judgment suit against the mayor and manager of the City Electrical Department, seeking a declaration of rights, remedies and protection under municipal civil service. The respondent's demurrer simply stated that "defendants are not proper parties defendant to defend this action." The Arkansas statute, dealing with parties is identical to our § 166, supra, except that the former commences "When declaratory relief is sought." In the Arkansas case the court held that since the appellees were seeking to establish the validity of a municipal ordinance, the clear wording of the Arkansas statute made the City of North Little Rock a necessary party.

In conclusion the court said:

" * * * It follows, therefore, since all parties who have an interest which would be affected by the declaration have not been made parties to the action, and as stated in Johnson v. Robbins, supra, [223 Ark. 150, 264 S.W.2d 640] 'that no controversy would be terminated by an adjudication not binding upon everyone concerned', the decree is reversed."

In 26 C.J.S. Declaratory Judgments § 132, p. 304, we find this statement:

" * * * Where the declaratory relief involved is the validity of an ordi-

nance or a franchise, a municipality, as well as its officials, have been held to be indispensable parties. \* \* \*"

The case of Morgan v. Banas, 331 Mass. 694, 122 N.E.2d 369, was a suit for a declaratory decree involving the validity of a municipal zoning ordinance in which the city was not made a party. The court held that by the language of the statute the city is made an indispensable party, and that the case could not go on to a declaratory decree in its absence.

The statutory requirements to make the City of Montgomery a party to the proceeding and to entitle it to be heard, in our opinion, are mandatory and jurisdictional. These requirements not having been complied with, the jurisdiction of the trial court was not invoked, and the court's decree, declaring the portion of the municipal ordinance in question unconstitutional, is void.

It follows that the appeal must be dismissed.

Appeal dismissed.

HEFLIN, C. J., and SIMPSON, COLEMAN, and BLOODWORTH, JJ., concur.