256 So.2d 893

**Louis W. SMITH**

v.

**CITY OF FLORENCE, Florence, Alabama, et al.**

**8 Div. 438.**

Supreme Court of Alabama.

Oct. 28, 1971.

**62**

W. A. Barnett and O'Bannon & Gonce, Florence, for appellant.

Arnold Teks, Florence, for appellees.

MADDOX, Justice.

This is an appeal from a decree of the Circuit Court of Lauderdale County, in equity, dismissing a bill for declaratory judgment after demurrer was sustained.

The bill alleges that the complainant owns a lot of land within the police jurisdiction of the City of Florence on which he has located a mobile home and that the City of Florence, which has the sole distributing system for electrical power in the county, refuses to connect him to this service until he complies with the city ordinances which require an inspection to determine if the wiring complied with the building and electrical codes of the City of Florence. Complainant attacks the constitutionality of the ordinances since he says that he does not live within the city limits of Florence, and the city is without authority to regulate him and require him to meet the standards set up by the City of Florence.

■■ Appellee has filed here a motion to dismiss the appeal, claiming that the record fails to show that the Attorney General of the State of Alabama was served as required by Title 7, Section 166, Code of Alabama, 1940 (Recomp., 1958), which provides:

"All persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard."

It does not appear from the record that the Attorney General was ever "served with a copy of the proceeding."

Failure to serve the Attorney General in a declaratory judgment proceeding wherein the constitutionality of a statute or ordinance is challenged "goes to the jurisdiction of the court" and "absence of jurisdiction is apparent on the face of the record." Sullivan v. Murphy, 279 Ala. 202, 183 So. 2d 798 (1966), and the many cases there cited.

The appeal must be dismissed. We naturally express no opinion on the correctness of the trial court's action in sustaining demurrer to the declaratory judgment proceeding nor do we express an opinion on the merits of the controversy.

Appeal dismissed.

HEFLIN, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.