This is an appeal from a decree of the Circuit Court of Jefferson County, dismissing a declaratory action challenging the constitutionality of a statute. We dismiss the appeal.
In July, 1974, L.K. Jones, Harry N. Griffin and C.J. Millican, as individuals with revolving charge accounts with one or more of the corporations, Sears, Penney, Pizitz and Union Oil, filed a complaint in the Circuit Court of Jefferson County, challenging the constitutionality of Act No. 2052 of the 1971 Acts of Alabama, now codified as Title 5, §§ 316-41 of the Code of Alabama (Supp. 1971). In May, 1976, the trial court granted the motions to dismiss on the ground that the complaint failed to state a claim upon which relief could be granted.
The principal issue here is whether the court had jurisdiction over this action.
The record fails to disclose a compliance with the provisions of Title 7, § 166 of the Code of Alabama 1940, providing that, "if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney-general of the state shall also be served *Page 17 
with a copy of the proceeding and be entitled to be heard." The complaint, and the trial court order, evidence the fact that the cardholders were challenging the constitutionality of a state statute. See Smith v. Lancaster, 267 Ala. 366,102 So.2d 1 (1958). It does not appear that the attorney general was served or was given any notice of the action or participated in it in any way. Under the holding of this court in Wheeler v.Bullington, 264 Ala. 264, 87 So.2d 27 (1956), compliance with § 166 is mandatory and goes to the jurisdiction of the trial court. Absence of jurisdiction is apparent on the face of the record, and an appellate court must take notice of its own want of jurisdiction apparent on the record. Smith v. Lancaster, supra. See also Lawrence v. Gayle, 294 Ala. 91, 312 So.2d 385
(1975). Since the trial court never acquired jurisdiction to render the decree appealed from, the decree is void. Bond'sJewelry Co. v. Mobile, 266 Ala. 463, 97 So.2d 582 (1957). Furthermore, a void decree will not support an appeal; thus, it must be dismissed. Bond's Jewelry Co. v. Mobile, supra. It does not matter that this issue was raised for the first time on appeal. See Masters v. Pruce, 290 Ala. 56, 274 So.2d 33 (1973) (issue raised on rehearing). Since we must dismiss the appeal, we do not reach the merits of the case.
APPEAL DISMISSED.
MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., and BLOODWORTH, J., do not sit.