475 So.2d 1190 (1985)
Elizabeth H. GUY, as widow and dependent of Watson Giddings Guy, deceased
v.
SOUTHWEST ALABAMA COUNCIL ON ALCOHOLISM, Underwriters Adjusting Company, etc., et al.
Civ. 4843.
Court of Civil Appeals of Alabama.
August 21, 1985.
Mitchell G. Lattof, Jr. of Lattof & Gardner, Mobile, for appellant.
Michael Gillion of Brown, Hudgens, Richardson, Mobile, for appellees.
HOLMES, Judge.
This is a workmen's compensation case in which the dispositive issue is a constitutional challenge to a provision of Alabama's workmen's compensation law.
The employee's widow appeals the dismissal of her complaint for the payment of death benefits.
The facts are not in dispute. On April 12, 1980, the employee was injured in the course of his employment and was rendered totally disabled. As a result of the April 12, 1980, injury, temporary total disability benefits were paid to the employee until his death. The employee died on May 25, 1983, some three years and forty-three days after the work-related injury which rendered him totally disabled.
In May 1984, the employee's widow filed her complaint for burial and death benefits. The employer filed a motion to dismiss, claiming that recovery was barred by Ala. Code (1975), § 25-5-60. That statute states, in pertinent part:
"In death cases, where the death results proximately from the accident within three years, compensation payable to dependents shall be computed on the following basis and shall be paid to the persons entitled thereto without administration, or to a guardian or such other person as the court may direct, for *1191 the use and benefit of the person entitled thereto."
(Emphasis supplied.)
In opposition to the motion to dismiss, the widow filed a statement, contending that, if the employer's construction of § 25-5-60 that death benefits cannot be paid where the employee's death occurs more than three years after the job-related injury is correct, then § 25-5-60 is unconstitutional as a violation of due process and equal protection. The trial court thereafter granted the employer's motion to dismiss.
When the widow filed her statement in which she took the position that § 25-5-60 is unconstitutional, she did not serve the attorney general of the state of Alabama with a copy of said statement or otherwise notify him that she was challenging the constitutionality of a state statute.
On appeal the employer argues that the widow's failure to serve the attorney general violates Ala.Code (1975), § 6-6-227. We agree.
Section 6-6-227 states, in pertinent part,
"In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party and shall be entitled to be heard; and if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard."
This statute is part of Alabama's Declaratory Judgment Act, Ala.Code (1975), §§ 6-6-220 through -232, which encompasses challenges to the validity of the statutes of this state. See Ala.Code (1975), § 6-6-223.
The Alabama Supreme Court has held that compliance with the requirements of § 6-6-227 is mandatory and jurisdictional. Barger v. Barger, 410 So.2d 17 (Ala.1982); Sullivan v. Murphy, 279 Ala. 202, 183 So.2d 798 (1966); Smith v. Lancaster, 267 Ala. 366,102 So.2d 1 (1958); Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27 (1956). Hence, when a party challenges the constitutionality of a state statute and fails to serve the attorney general, the trial court has no jurisdiction to decide the constitutional claims and its decree is void. Jones v. Sears, Roebuck & Co., 342 So.2d 16 (Ala.1977); Busch Jewelry Co. v. City of Bessemer, 266 Ala. 492, 98 So.2d 50 (1957); Bond's Jewelry Co. v. City of Mobile, 266 Ala. 463, 97 So.2d 582 (1957); Wheeler, 264 Ala. at 267, 87 So.2d at 29.
The widow points out that her complaint did not present any constitutional challenge to § 6-6-227 and that this issue was not injected into the suit until she sought to defend the employer's motion to dismiss. She argues, therefore, that she had no duty to serve the attorney general with notice of her constitutional claims under § 6-6-227 and appears to imply that it was the duty of the trial court to do so.
The facts of Barger are quite analogous to those of the present case. In Barger, a petition was filed to probate a will by the testator's executor. The widow filed a petition whereby she dissented from the will and sought dower and homestead. Thereafter, the widow filed a motion challenging the constitutionality of three Alabama statutes governing certain rights of a widow in the estate of her deceased husband. She did not serve the attorney general with a copy of this motion.
The widow in Barger argued that "compliance with § 6-6-227 is only required in original actions for declaratory relief which involve the validity of a state statute." Barger, 410 So.2d at 18. The Alabama Supreme Court disagreed, construing the widow's motion as coming within the scope of the Declaratory Judgment Act and, therefore, as being governed by the requirements of § 6-6-227. The supreme court held that, "[b]ecause the widow failed to serve the Attorney General as required by state law," the trial court had no jurisdiction to decide the constitutional claims. Barger, 410 So.2d at 19 (emphasis supplied).
Like Barger, the present suit was not initiated as a declaratory judgment action *1192 or as an attack on the validity of a state statute. When, however, the widow defended the employer's motion to dismiss by contending that Ala.Code (1975), § 25-5-60, was unconstitutional (and by filing with the trial court a pleading to that effect), the widow then sought a declaration of her rights under the workmen's compensation law and, specifically, a declaration that § 25-5-60 was unconstitutional. The case was then clearly brought within the Declaratory Judgment Act and the requirements of § 6-6-227 because the widow, a "person ... whose rights, status or other legal relations [were] affected by a statute," sought a determination of the validity of that statute. Ala.Code (1975), § 6-6-223.
With all due respect to our distinguished presiding judge's dissent, we feel constrained to disagree with his apparent interpretation of Barger as applying only to a request for a declaration of rights during the course of the administration of an estate.
In accordance with the Barger decision, which we cannot distinguish, we find that it was the duty of the widow, the party injecting the constitutional issue into the present case by way of a defense to a motion to dismiss, to serve the attorney general with notice of her constitutional challenge, as required by § 6-6-227. Because she failed to do so, the trial court, as stated by the supreme court in Barger, had no jurisdiction to resolve her constitutional claims, and its decree is, therefore, void. See Jones, 342 So.2d at 17; Busch Jewelry, 266 Ala. at 493, 98 So.2d at 51; Bond's Jewelry, 266 Ala. at 464-5, 97 So.2d at 584; Wheeler, 264 Ala. at 267, 87 So.2d at 29.
A void decree will not support an appeal to this court. Jones, 410 So.2d at 17. This court, having no jurisdiction, cannot address the merits of the suit and must dismiss the widow's appeal. See Barger, 410 So.2d at 19; Sullivan, 279 Ala. at 203, 183 So.2d at 799; Smith, 267 Ala. at 367, 102 So.2d at 2; Busch Jewelry, 266 Ala. at 493, 98 So.2d at 51; Bond's Jewelry, 266 Ala. at 465, 97 So.2d at 584.
APPEAL DISMISSED.
BRADLEY, J., concurs.
WRIGHT, P.J., dissents.
WRIGHT, Presiding Judge, dissenting:
I respectfully dissent from the decision of the majority. I do not believe that the mere defensive pleading that the application of a state statute to the facts of the particular case would violate the constitution of the United States brings the issue within the purview of § 6-6-227 of the Code. I further submit that Barger v. Barger, when examined on its facts, does not require such holding in this case. Every case cited in the majority opinion involved an affirmative request for declaration of rights under a statute or ordinance. Such was the purpose of the motion of Mrs. Barger in the Barger case.
The requirement of notice to the attorney general is to enable that state officer to enter the case as a party if he deems it proper. Such requirement only applies in actions brought for a declaration of unconstitutionality of a state statute, municipal ordinance or franchise.
This case was not brought for such purpose, nor was there a request for declaration of rights during the course of an administration of an estate, as in Barger.
The majority has directly held that if "a party challenges the constitutionality of a state statute and fails to serve the attorney general, the trial court has no jurisdiction to decide the constitutional claims and its decree is void." With that holding, the judgments in hundreds of cases in which constitutional defenses or issues were raised and decided, as in this case, without notice to the attorney general, are rendered void. This court has heretofore entertained and decided many of them on appeal. This decision has obvious far-reaching consequences. The attorney general is going to be very busy.