ON APPLICATION FOR REHEARING
RUSSELL, Judge.
On application for rehearing Mohiuddin contends that this court has failed, in its original opinion, to address his challenge to the constitutionality of § 25-4-78(3)(a), Ala.Code 1975.
Our supreme court has determined that in a proceeding where the constitutionality of a state statute is challenged, the attorney general of the state is entitled to be heard and must be served with notice. Barger v. Barger, 410 So.2d 17 (Ala.1988); See § 6-6-227, Ala.Code 1975.
In its order finding that Mohiuddin was disqualified from receiving unemployment benefits, the trial court denied all motions and all objections pending in the proceedings. Mohiuddin had filed numerous motions and other documents relating to his claim. While it is not manifestly apparent from the record that Mohiuddin ever properly framed his constitutional challenge before the trial court, what is manifestly apparent is that he did not serve the attorney general with notice of the proceedings, or of his challenge to the constitutionality of § 25-4-78(3)(a).
When a party challenging the constitutionality of a state statute fails to serve the attorney general, a trial court has no jurisdiction to decide the constitutional claim, and its decree regarding that claim is void. Guy v. Southwest Ala. Council on Alcoholism, 475 So.2d 1190 (Ala.Civ.App.1985). Any ruling by the trial court as to constitutionality of § 25-4-78(3)(a) would, therefore, be void. A void decree will not support an appeal to this court. Jones v. Sears, Roebuck & Co., 342 So.2d 16 (Ala.1977). Because we have no jurisdiction to address the merits of Mohiuddin’s constitutional claim, we decline to do so.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
ROBERTSON, P.J., and THIGPEN, J., concur.