JUKELSON, ADMR., APPELLANT, *v.* HUNTER, COMMR. OF BLDGS., APPELLEE.

[Cite as Jukelson v. Hunter (1969), 22 Ohio App. 2d 182.]

(No. 10806—Decided July 28, 1969.)

*Messrs. Goodman & Goodman,* for appellant.
*Mr. William A. McClain,* city solicitor, and *Mr. William H. Brewe,* for appellee.

DOYLE, J. This is a suit for injunction and declaratory relief brought by appellant, Samuel Jukelson, administrator of the estate of Morris Ukelson, deceased, which estate includes among its assets a multiple housing unit with store rooms on the street floor. The defendant, appellee herein, is the Commissioner of Buildings of the city of Cincinnati.

The petition alleges that (1) the City Council of Cincinnati adopted an ordinance, effective January 1, 1967, requiring the installation of a private bath and lavatory fixtures in each of the living apartments in the dwelling; (2) "the action of city council, forbidding the continued use of improved real estate without conforming to building standards subsequently adopted, and requiring improvements in order to comply with the new standards, is contrary to the constitutional rights to own and use property"; (3) "the defendant has obtained the issuance of a warrant, charging plaintiff with the violation of said ordinance, and has caused plaintiff to be arrested, and a hearing is to be held in the Police Court of the City of Cincinnati"; (4) "that unless said action of the defendant is enjoined and restrained, plaintiff will suffer irreparable loss in that he will be required to expend an amount exceeding $20,000.-00 in the installation of lavatories, baths, and showers in said premises; the total value of said premises being $30,-000.00; and that after such improvement, it would not, in any way, affect or increase the value of said property"; (5) "wherefore, plaintiff prays the court for an order, declaring and holding: (1) that said ordinance is unconstitutional and cannot be enforced; (2) that said prosecution is illegal and cannot be enforced; (3) that a temporary injunction be issued, restraining the defendant from proceeding with the enforcement of said ordinance or with said prosecution; and for any and all other relief that is proper in the premises."

The answer of the defendant places in issue the various prime allegations of the petition and, further, pleads several asserted "adequate remedies at law" which are said to be sufficient, if successful, to accord the plaintiff the relief sought.

The cause came on for trial in the Court of Common Pleas of Hamilton County, whereupon each litigant moved the court for judgment on the pleadings. In consideration thereof, the following entry of judgment for the defendant was entered:

"This cause came on for determination on motion by plaintiff and defendant for judgment. On the basis of the pleadings, the stipulations, briefs submitted by both parties, and oral arguments, the court finds in favor of defendant, Donald F. Hunter. It is therefore ordered and decreed that the injunction be denied and the petition dismissed, to all of which plaintiff excepts."

Subsequently, the trial court entered a judgment on the plaintiff's "motion for rehearing and new trial";

"This cause came on for hearing on a motion filed by counsel for the plaintiff requesting a rehearing and a new trial, after judgment had been rendered by the court in the within cause.

"The court being of the opinion that plaintiff has an adequate remedy at law by raising the question of unconstitutionality of the ordinance in the criminal prosecution pending in the Hamilton County Municipal Court and further that plaintiff has not exhausted his administrative remedies as set forth in the Building Code of the City of Cincinnati and Chapter 2506 of the Ohio Revised Code, it is the order of this court, therefore, that the motion for rehearing and new trial be denied, and the cause remanded to the Hamilton County Municipal Court for further proceedings according to law. * * *"

Appeal was taken from that judgment to the Court of Appeals, and error is assigned in the following terms:

"For assignment of error, appellant contends that the decision of the lower court, granting judgment for the defendant on the pleadings, is contrary to law."

The appellant's brief recites that the claimed issue in the case is as follows:

"May city council, by merely stating in an ordinance that the failure to have a bath or shower in a dwelling unit are serious safety and sanitation hazards, thus constitutionally require property owners to expend substantial amounts of money in order to put in such baths or showers?"

In our consideration of the appeal, we are confined to the record before us. The petition seeks injunctive relief and, also, a declaratory judgment directed to the constitutionality of the ordinance. The lawsuit was carried on against the Commissioner of Buildings of the city of Cincinnati only, and at no time has the city, as a municipal corporation, been made a party, nor has the Attorney General of the state been served with a copy of the proceeding and given an opportunity to be heard.

Section 2721.12, Revised Code, provides that:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. *In any proceeding which involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and if any statute or the ordinance or franchise is alleged to be unconstitutional, the Attorney General shall also be served with a copy of the proceeding and shall be heard.*" (Emphasis ours.)

By setting forth this statute, and our reference to the pleadings, enough has been said to indicate our conclusion that the trial court had no authority to render a declaratory judgment on the constitutionality of the ordinance, where it appears that neither the city nor the Attorney General was served or made a party.

Proceeding now to the claim for injunctive relief, we find that the criminal action mentioned in the petition has now been terminated by its dismissal. The matter is now moot.

Recognition is given to the case of *Peltz* v. *South Euclid*, 11 Ohio St. 2d 128, wherein the law is declared as follows in the first paragraph of the syllabus:

"Where a municipal ordinance imposing criminal penalties upon a contemplated act will be enforced against a person if he proceeds with that act, such person has standing to test the validity, construction and application of such ordinance by an action for declaratory judgment, and it is unnecessary to demonstrate the existence of an actual controversy for such a person to incur a violation of the ordinance. (Section 2721.03, Revised Code.) (*Wilson* v. *Cincinnati*, 171 Ohio St. 104, approved and followed.)"

If, in the case now before us, the necessary parties had been secured and the Attorney General served, as provided in Section 2721.12, Revised Code, the trial court could have rendered a declaratory judgment even though the criminal prosecution had become moot. Cf. United States Supreme Court case: *Moore* v. *Ogilvie*,—U. S.—, 23 L. Ed. 2d 1, 89 S. Ct. —.

The judgment under review will be modified by deleting therefrom the order of remand to the "Municipal Court for further proceedings," and final judgment will be here entered for the defendant.

*Judgment modified and, as modified, affirmed.*

HUNSICKER, P. J., and BRENNEMAN, J., concur.

HUNSICKER, P. J., DOYLE and BRENNEMAN, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District.