HYDRAULIC PRESS BRICK CO., APPELLANT, *v.* CITY OF INDEPENDENCE ET AL., APPELLEES.

(No. 33045—Decided January 31, 1974.)

*Mr. James C. Sennett*, for appellant.
*Mr. Stephen M. O'Bryan,* for appellees.

DAY, J.   Hydraulic Press Brick Company, hereafter referred to as appellant, operates a manufacturing business in Independence, Ohio. Stone Road is the only access route for truck traffic to the business. On July 10, 1973, the Council of Independence, hereafter referred to as appellee, enacted Section 339.16 of the Codified Ordinances of Independence, which prohibits the use of Stone Road by trucks exceeding one-half ton capacity between 6:00 p. m. and 8:00 a. m. and on Sunday.

On August 29, 1973, the appellant filed a complaint for declaratory judgment and an injunction alleging that Section 339.16 was unconstitutional. The court granted the temporary restraining order on August 31, 1973. At a hearing on September 14, 1973, the appellees moved to dis-

miss the complaint. In this motion they were joined by the Attorney General of Ohio. The court granted the motion "because all peoples have not been made parties" (Tr. 22).[1]

The appellants appeal from this decision and assign one error:

"The Court Erroneously Dismissed the Suit for Lack of Necessary Parties Because Ohio Revised Code §2721.12 Does Not Require the Attorney General to be a Party."

This assignment of error lacks merit. We affirm.

## I.

The issue presented by this assignment of error is whether the appellant complied with the requirements of Ohio R. C. 2721.12, which states that "when declaratory relief is sought . . . the attorney general shall also be served with a copy of the proceeding and shall be heard". It is clear from the statute, as the appellee concedes, that the Attorney General need not be made a party to all declartory judgment proceedings. See *Jukelson* v. *Hunter* (1969), 22 Ohio App. 2d 182, 185-186. However, the court cannot acquire jurisdiction of the case unless the attorney general is served with a "copy of the proceeding[s]". Cf. *Town of Warrior, et al.,* v. *Blaylock* (S. Ct. Ala., 1961), 127 So. 2d 618, 619; *Busch Jewelry Company* v. *City of Bessemer* (S. Ct. Ala., 1957), 98 So. 2d 50, 51.[2] What constitutes service is not spelled out in the statute.

## II.

The record indicates that the Attorney General received

_____

[1] We assume the trial court had in mind only the Attorney General of Ohio when he used the word "all." This assumption is founded on the fact that there is no evidence in the record to support the necessity for a joinder of three truck drivers allegedly arrested for violating the ordinance. The only record reference to the drivers came during a legal argument. This is not evidence. By taking this position we should not be understood as holding the Attorney General to be a necessary party under Ohio Revised Code, Section 2721.12. We do hold that it is necessary under that section to serve him in accordance with the Ohio Rules of Civil Procedure.

[2] Section 166 of Title 7, 1940 Code (Ala.) has identical wording to Ohio Rev. Code, Section 2721.12, in the part pertinent to service on the attorney general.

a copy of the complaint by messenger the day before the hearing on the motion to dismiss (Tr. 5, 16-17, 18). There is no evidence that the Attorney General received a copy when the appellants originally filed their complaint for declaratory judgment. In light of the purpose of the statute, we interpret Ohio R. C. 2721.12 to require parties to serve the Attorney General at the same time and in the same manner that the complaint is served under Rules 4, 4.1, and 4.3. Compliance with the rules is dictated in part by the necessity of an official record of service for the benefit of the court.

In addition, rule compliance puts the Attorney General in receipt of a copy of the complaint in time for him to determine whether the "State's interests should be represented in such proceedings", cf. *Watson* v. *Claughton* (S. Ct. Fla., 1958), 34 So. 2d 243, 246. He must have the opportunity "to decide whether to intervene on behalf of the State or any State agency affected", cf *Pressman* v. *State Tax Commission* (Ct. of App. Md., 1954), 102 A. 2d 821, 826, in order to make the requirement of service meaningful. To make it possible for such a determination to be a reasoned one, the Attorney General is entitled to receive timely notification, *i. e.*, notification at the time the proceedings commence. Otherwise the trial court does not acquire jurisdiction. Cf. *Cole* v. *Sylacauga Hos. Board* (S. Ct. Ala., 1959), 113 So. 2d 200, 204.

It has been argued that the Attorney General waived his right to time sufficient to allow a reasoned determination of the question of the State's interest and an appropriate response when he did not move for a continuance. This argument founders on a realistic assessment of the procedural facts in this case. When the Attorney General joined a successful motion to dismiss there was no occasion to ask for a continuance. Had that motion lost, the time to move for a continuance would have come. Of course, it never did.

The assignment of error is not well taken.

*Judgment affirmed.*

SILBERT, P. J., and JACKSON, J. concur.