Plaintiff-appellant, Thomas Kirby ("appellant"), administrator of the estate of Elaine Current, appeals a decision of the Warren County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Pioneer/Donegal Insurance Companies ("appellees"). We affirm.
Elaine Current ("Elaine") was killed in an automobile accident caused by the negligence of Nicholas Smith ("Nicholas"). Elaine was survived by her mother, son, daughter, and siblings. Her mother and children were beneficiaries under the wrongful death statute, R.C. 2125.02 et seq.
At the time of the accident, Nicholas was insured by State Auto Insurance Company ("State Auto") under a policy ("State Auto policy") which provided a liability limit of $100,000 per person or $300,000 per accident. At the time of the accident, appellees insured Elaine under an insurance policy ("Pioneer policy") which included uninsured/underinsured motorist ("UM/UIM") coverage in the amount of $100,000 per person or $300,000 per accident, subject to a "Limit of Liability" which limited recovery for bodily injury to any one person in any one accident. The clause limited appellees' liability to $100,000, the per person limit, regardless of the number of individuals asserting a claim based upon the single injury.
On August 3, 1995, appellant was appointed administrator of Elaine's estate by the Warren County Court of Common Pleas, Probate Division. Appellant received an offer from State Auto to settle the estate's claim against the company. On October 13, 1997, appellant notified appellees of the offer and requested consent to settle or an advance equal to the offer. Appellant also made a demand for recovery under the Pioneer policy's underinsured motorist ("UIM") coverage. On October 17, 1997, appellees denied coverage, stating that recovery was limited to the single person limit under the "Limit of Liability," which mirrored R.C. 3937.18(H), as amended by Senate Bill 20 ("S.B. 20"). Appellees further asserted that the State Auto and Pioneer policies provided identical coverage amounts which precluded appellant from recovering more than $100,000. Appellant accepted the State Auto offer to settle and distributed the settlement proceeds to Elaine's beneficiaries.
On October 31, 1997, appellant filed a complaint against appellees seeking damages in the amount of $300,000 as a result of the accident between Elaine and Nicholas. Appellees timely filed an answer. On December 12, 1997, appellant amended the complaint, with appellees' consent, to include a request for declaratory judgment that Elaine's mother and children were "insureds" under the Pioneer policy pursuant to R.C. 2125.02, and that each "insured" had a separate claim, subject to the policy per accident limit of $300,000.
On January 14, 1998, appellees filed a motion to dismiss or, in the alternative, for summary judgment, pursuant to Civ.R. 12 and 56 alleging that there were no issues as to any material facts concerning their liability. Appellees argued that the "Limit of Liability" in the Pioneer policy was enforceable pursuant to R.C. 3937.18(H) which allows insurance companies to limit their liability when any one person is injured or killed in any one accident. Relying upon this statute, appellees contended that appellant could not recover more than $100,000 from appellees, and that this amount was off-set by the settlement with State Auto. Appellees did not file an accompanying memorandum in support. Appellant filed a memorandum in opposition to appellees' motion to dismiss and in support of declaratory judgment, but appellant did not make any argument concerning R.C. 3937.18. Appellees then filed a reply memorandum.
On March 4, 1998, appellees sought a protective order, pursuant to Civ.R. 26(C), to prevent appellant from deposing Brian Ritz, the claims representative employed by appellees regarding Elaine's claim. On March 9, 1998, appellant filed a Civ.R. 11 motion for sanctions against appellees, contending that appellees had engaged in deceptive and false filings and had attempted to delay discovery.
On March 9, 1998, the trial court issued its decision and order concerning appellees' motion to dismiss or, in the alternative, for summary judgment. The trial court found that appellees had failed to comply with the court's scheduling order, and therefore appellees had failed to present any grounds for such a motion under Civ.R. 12. The trial court then listed the facts properly before the court in accordance with Civ.R. 56(C), deferring its decision on whether to grant summary judgment. Appellant withdrew his motion for sanctions.
On April 9, 1998, the trial court granted extensions of time regarding discovery and motions for summary judgment. The parties were given until April 24, 1998 to complete discovery and until May 26, 1998 to file pleadings regarding summary judgment. On May 4, 1998, appellant filed a supplemental memorandum in support of declaratory judgment. This memorandum was not attached to any motion or other pleading. It was in this memorandum that appellant first asserted that R.C.3937.18(H) violated Art. I, Section 19a of the Ohio Constitution.[1] Appellant argued that the statute allows insurance carriers to consolidate wrongful death and consortium claims, thereby limiting the amount of recovery for the wrongful death. Appellees then filed a motion for clarification, seeking directions as to what procedures they were to follow in responding to the memorandum.
On May 22, 1998, appellees filed a motion for summary judgment, arguing that R.C. 3937.18(H) was applicable to the case as it allowed insurance carriers to limit their liability under UIM policies. The "Limit of Liability" in the Pioneer policy was alleged to preclude recovery by appellant. That same day, appellees also filed with the trial court a certified copy of the State Auto policy covering Nicholas, including that policy's applicable liability limits.
On May 29, 1998, appellant filed an amended prayer for relief, which included a prayer for a declaratory ruling that R.C. 3937.18(H) unconstitutionally allowed all claims under UIM coverage to be consolidated into a single claim subject to the per person recovery limitation. Appellees filed a motion for clarification which argued that appellant's amended prayer for relief was improper, and, if it was deemed proper, seeking clarification as to how long appellees had to respond.
On June 6, 1998, the trial court issued an order setting forth deadlines for summary judgment. All memoranda filed by appellant were to be considered as a single motion for summary judgment, and appellant had until July 2, 1998 to supplement or verify any evidence which he sought to present. Appellees were given until July 17, 1998 to file a reply to appellant's evidence. The matter was set for submission to the trial court, without hearing, on July 17, 1998.
On June 10, 1998, appellant filed a motion to strike appellees' motion for summary judgment and all accompanying memoranda as "scandalous misrepresentation of fact and law." Appellees filed a response to appellant's motion to strike on June 16, 1998, along with their own motion for sanctions under Civ.R. 11.
On July 15, 1998, appellees filed a reply to all memoranda of appellant. In this memorandum, appellees reasserted that R.C.3937.18(H) was controlling, and that no issue of material fact existed as to their liability.
On July 24, 1998, appellant filed a motion to strike appellees' reply memorandum, again asserting that appellees engaged in misrepresentation and that appellees' reply was untimely. Appellant requested that the clerk of courts serve upon the attorney general his challenge to the constitutionality of R.C. 3937.18(H). Appellees responded to appellant's motion to strike on July 31, 1998, asserting that the reply was timely and that there were no misrepresentations of fact or law.
In a judgment entry and decision filed August 20, 1998, the trial court granted appellees' motion for summary judgment, finding that no evidence was presented which would allow the trial court to find that Elaine's beneficiaries were also "insureds" under the Pioneer policy. The trial court also found that appellant had failed to adhere to the trial court's schedule for submitting the case for consideration and had not timely served the attorney general concerning his constitutional challenge to R.C. 3937.18(H). The trial court ruled that there was prejudice for non-compliance, and appellant's constitutional claim was stricken. The trial court further ruled that the "Limit of Liability" in the UIM coverage of the Pioneer policy was valid under R.C. 3937.18(H).
In two other decisions rendered that same day, the trial court addressed appellant's motions to strike and appellees' motion for sanctions. In the first entry, the trial court overruled appellant's motions to strike. The trial court specifically found "no showing of 'a scandalous misrepresentation of fact and law' " by appellees. The trial court believed that appellees had only engaged in "the fundamental skills of lawyers" by attempting to draw distinctions and urge similarities of cited cases and interpret the statute.
In its second decision, the trial court found that appellant had made derogatory comments and innuendoes in papers filed with the court and granted appellees' motion for sanctions. The trial court specifically referred to the motions to strike filed by appellant, finding that appellant's assertions that appellees misrepresented facts and law were unwarranted. The trial court ordered that appellant, as counsel, send a letter of apology to opposing counsel and clients for the "derogatory, comments and innuendoes made against them."
Appellant appeals from the decisions of the trial court, raising three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY GRANTING DEFENDANT-APPELLEE'S [sic] MOTION FOR SUMMARY JUDGMENT.
In his first assignment of error, appellant challenges the trial court's grant of summary judgment by attacking its decision overruling his motions to strike. Appellant claims that this decision allowed evidence to be admitted which materially prejudiced him. Appellant bases his assertion of material prejudice upon his claim that appellees made false and misleading statements in their memoranda before the court and that appellees' memoranda were not timely filed. These allegations are identical to those made in the court below. Appellant further asserts that the trial court should not have entered summary judgment without first ruling on his motions to strike. Although appellant phrases his assignment of error as an attack on the trial court's granting summary judgment, it is clear that his dispute is with the trial court's granting appellees' motion for sanctions and overruling his motions to strike.
The trial court in the instant case found that appellant's assertions in his motions were not warranted. Furthermore, the trial court issued a separate entry overruling appellant's motions to strike. Thus, we find that appellant's contention that the trial court refused to render a decision on his motions to strike is without merit. We also note that appellees' reply memorandum was filed within the deadline set by the trial court. It is clear that this memorandum was timely filed, and we find that appellant's allegation to the contrary is also without merit.
We now turn to the issue of whether the trial court erred in granting appellees' motion for sanctions and in finding that appellees' arguments were not improper. The imposition of sanctions against an attorney pursuant to Civ.R. 11 is a matter within the sound discretion of the trial court. Harris v.Southwest Gen. Hosp. (1992), 84 Ohio App.3d 77, 85. By their nature, sanctions are not fixed, but are to be determined according to the facts of the case. Id. Thus, sanctions will be found to be improper only where their imposition is an abuse of discretion. Id. The use of sanctions is valid where the actions of the party at fault "create a presumption of willfulness or bad faith." Russo v. Goodyear Tire Rubber Co. (1987), 36 Ohio App.3d 175,179.
Appellant has failed to show how the trial court abused its discretion in sanctioning him. As pointed out by appellees, and as noted by the trial court, appellant has not demonstrated that the arguments made by appellees misrepresented either the facts or the law in the case at bar. Appellant's arguments in this case, both in the court below and now on appeal, concede that the constitutionality and effect of R.C. 3937.18(H) are unsettled areas of the law.
We have reviewed the memoranda which appellees presented below, and we do not find that appellees have omitted or misrepresented the facts in this case. Furthermore, we do not find any attempt to mislead or deceive the court in appellees' arguments. The trial court correctly observed that drawing distinctions and urging similarities of cited cases and interpreting statutes are among the fundamental skills of lawyers. Appellees have done no more than this, and appellant's assertions to the contrary are unfounded.
We find that the trial court did not err in considering the evidence and arguments presented in appellees' memoranda. Therefore, the trial court did not abuse its discretion in imposing the ordered sanctions against appellant and in overruling his motions to strike. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY FAILING TO FOLLOW THE HOLDING OF HOLT V. GRANGE MUT. CAS. CO., (1997), 79 Ohio St.3d 401 REGARDING WRONGFUL DEATH BENEFICIARIES AS INSUREDS.
In his second assignment of error, appellant argues that the trial court erred by finding that there was no evidence properly before the court that Elaine's survivors and beneficiaries were "insureds" under the Pioneer policy. Appellant contends that the trial court had probate records before it which established that Elaine's mother and children fell within the classification of "insureds" under Holt v.Grange Mut. Cas. Co., (1997), 79 Ohio St.3d 401.
A declaratory judgment action allows a court to declare the rights, status, and other legal relationships of the parties. Civ.R. 57; R.C. 2721 et seq. Such an action is an appropriate mechanism for establishing the obligations of an insurer in a controversy between it and its insured as to the fact or extent of liability under a policy. Lessak v. Metropolitan Cas. Ins.Co. of N.Y. (1958), 168 Ohio St. 153, 155. When a declaratory judgment action is disposed of by summary judgment, an appellate court's review of the trial court's resolution of legal issues is de novo. King v. Western Reserve Group (Dec. 1, 1998), Monroe App. No. 789, unreported.
R.C. 2125.02(A)(1) governs who may recover in a wrongful death action:
 Except as provided in this division, an action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent.
Elaine's children and mother are beneficiaries under the wrongful death statute, as they are rebuttably presumed to have suffered damages as a result of Elaine's wrongful death. Because these individuals are beneficiaries under the statute, appellees may not attempt to exclude them from recovery as "insureds" under the UIM coverage in the Pioneer policy.Holt, 79 Ohio St.3d 401. As noted by the supreme court:
 It would be absurd to prevent recovery for a wrongful death beneficiary by excluding him or her from the status of an "insured" when R.C. Chapter 2125. expressly recognizes that he or she has suffered damages due to the wrongful death.
Id. at 408. Thus, as a matter of law, the trial court was required to find that Elaine's children and mother are "insureds" entitled to recover under the UIM coverage of the Pioneer policy. See id., at paragraphs two and three of the syllabus.
Accordingly, appellant's second assignment of error is well-taken.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY LIMITING ITS CONSIDERATION IN A DECLARATORY JUDGMENT ACTION TO WHETHER R.C. 3937.18(H) IS UNCONSTITUTIONAL IN A SEPARATE MOTION FOR SUMMARY JUDGMENT.
In his final assignment of error, appellant contends that the trial court erred in finding that appellant had not timely served upon the attorney general notice of the proceedings. Appellant further asserts that the trial court could have considered "that the application of the statute deprived[appellant] of a constitutionally protected right without regard to whether the statute is unconstitutional or not." (Emphasis sic.)
The trial court found that appellant had failed to serve notice of the proceedings upon the attorney general by the July 2, 1998 deadline set by the trial court. As a result, the trial court found that it did not have jurisdiction to consider whether R.C. 3937.28(H) violated Art. I, Section 19a of the Ohio Constitution by allowing limitations on the available recovery under UIM coverage. In this regard, the trial court explicitly followed the mandate of R.C. 2721.12.
R.C. 2721.12 provides in pertinent part:
 When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. * * * [I]f any statute * * * is alleged to be unconstitutional, the attorney general shall be served with a copy of the proceeding and shall be heard.
Although the attorney general need not be named as a party in the action, service upon the attorney general is a mandatory jurisdictional prerequisite where the constitutionality of a statute is being contested. Malloy v. Westlake (1977), 52 Ohio St.2d 103,107. Where service is not properly made upon a necessary party, the courts are deprived of jurisdiction to render an enforceable declaratory judgment. Id. Thus, where the attorney general is not properly served, the court must dismiss the complaint. Hydraulic Press Brick Co. v. Independence
(1974), 38 Ohio App.2d 37, 38-39.
We conclude that the trial court was correct in finding that the attorney general was not properly served and, as a result, in finding that it did not have jurisdiction to consider appellant's challenge to R.C. 3937.18(H). Appellant filed his initial complaint on October 28, 1997. It was not until seven months later, when appellant filed an amended prayer for relief on May 29, 1998, that appellant first made any request for a declaratory ruling on the matter. On June 5, 1998, the trial court ordered that appellant "supplement or properly verify any evidence which he wishes the court to consider pursuant to Rule 56 and/or respond to [appellees'] motion for summary judgment" by July 2, 1998. The trial court also ordered that the case was to be submitted to the court by 4:15 P.M. on July 17, 1998.
On July 24, 1998, appellant filed his second motion to strike, and in the next to last paragraph of the accompanying memorandum, stated that he had "instructed the Clerk of Courts to issue service of the proceeding upon the Attorney General for the State of Ohio this date." Thus, appellant did not seek to give notice to the Attorney General until seven days after the case had been submitted to the trial court for consideration. Appellant has proffered no reason which explains the untimely delay in serving notice upon the attorney general. As service was not timely given to the attorney general, we find that the trial court was correct in finding that it did not have jurisdiction to address whether R.C. 3937.18(H) violates the Ohio Constitution.
As there was not a proper challenge to R.C. 3937.18(H), the effect of the "Limit of Liability" in the Pioneer policy was properly before the court. The authority to include such a clause in a policy of insurance is given by R.C. 3937.18(H), which provides:
 Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section [UM/UIM coverage] and that provides a limit of coverage for payment of damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2521. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations of the policy, or vehicles involved in the accident.
Furthermore, R.C. 3937.44, which also governs the power to limit liability under motorist insurance policies, mirrors the language of R.C. 3937.18(H). Relevant legislative history illustrates that this legislation was enacted to supersede the effect of Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, wherein the Supreme Court declared that "liability provisions which purport to consolidate wrongful death damages suffered by individuals into one 'each person' policy limit are unenforceable." Id. at 504.
That section of the Pioneer policy which sets forth the terms and conditions of the UIM coverage includes the following "Limit of Liability":
 The limit of Bodily Injury Liability shown in the schedule or in the Declarations for each person for Uninsured Motorist Coverage is our maximum limit for liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of bodily liability shown in the Schedule or in the Declarations for each accident for Uninsured Motorist Coverage is our maximum limit of liability for all damages of "bodily injury" resulting from any one accident. * * * This is the most we will pay regardless of the number of:
1. "Insureds";
2. Claims made[.]
The trial court found that the language of the policy revealed that appellees had taken advantage of the legislative opportunity to limit their liability under the Pioneer policy. As a result, the trial court ruled that the Pioneer policy limited the recovery of Elaine's wrongful death beneficiaries to the maximum liability for a single bodily injury claim. However, appellant urges this court to apply the ruling ofSavoie, even though the Pioneer policy clearly includes the limiting language allowed by R.C. 3937.18(H) and 3937.44.
We find appellant's contention to be without merit. The language of both the statutes and the policy is clear. Furthermore, the language of the "Limit of Liability" in the Pioneer policy is identical to the limiting language included in the policy disputed in Williams v. Carmean (May 6, 1998), Shelby App. No. 17-98-02, unreported, wherein the Third District Court of Appeals found that the clause limiting liability was valid and enforceable pursuant to R.C. 3937.18(H) and 3937.44. Id. As was the case in Williams, the liability of the insurance carriers in the instant case is expressly limited to $100,000 for damages for bodily injury, including death to any person in any accident, regardless of the number of individuals who assert a claim based upon this injury.
We therefore hold that the trial court did not err in finding that the "Limit of Liability" in the Pioneer policy limits recovery for multiple wrongful death claimants to a single "per person" claim. Pursuant to R.C. 3937.18(A) (2),[2] the liability limits in the Pioneer policy must be set-off by the $100,000 settlement appellant received from State Auto. Yearling v.State Farm Ins. Co. (1992), 76 Ohio App.3d 559, 572-273. The trial court was correct in ruling that Elaine's beneficiaries were not entitled to additional recovery under the Pioneer policy.
Thus, notwithstanding our holding that Elaine's beneficiaries are "insureds" under the Pioneer policy, they are barred from recovering from appellees more than $100,000, the single person limit, for Elaine's death, and this amount must be off-set by the $100,000 settlement from State Auto. Therefore, summary judgment was properly granted. Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., concurs.
KOEHLER, J., dissents.
[1] Art. I, Section 19a of the Ohio Constitution provides:
 The amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law.
[2] R.C. 3937.18(A)(2) provides in pertinent part:
 Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for Payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured. (Emphasis added.)