PITTMAN, Judge.
The Department of Revenue (hereinafter “the Department”) issued Marvin Adams three preliminary assessments for motor vehicle tax on August 23, 1999. Adams filed an appeal of those assessments in the Circuit Court of Limestone County on October 21, 1999. The Department filed a motion to dismiss; the trial court denied that motion on May 19, 2000, and set a trial date. On August 1, 2000, the court held a hearing, at which it heard testimony and received exhibits. The trial court issued an order in favor of Adams, holding that the vehicle in question was exempt from the motor-vehicle-tax assessment, and that all assessments levied by the Department were to be considered null and void. The Department filed this appeal.
The Department lists five separate issues for our consideration: (1) whether the trial court had jurisdiction to review the preliminary assessments; (2) whether a notice of appeal from a final assessment must be filed within the 30-day period referenced in the statute; (3) whether an appeal is properly perfected when the person appealing names himself as surety on a supersedeas bond; (4) whether failure to serve the secretary of the Department with a copy of the notice of appeal is a jurisdictional bar to the circuit court’s review; and, (5) whether the exemption from the Alabama motor vehicle tax for a “motor tractor” used to transport a “well-boring outfit” should be extended to a “truck” that carries service equipment. We conclude that the trial court lacked jurisdiction over Adams’s appeal and, therefore, that this present appeal is due to be dismissed.
Section 40-2A-7(b)(4)(a), Ala.Code 1975, provides that a taxpayer who disagrees with a preliminary assessment of tax may file a written petition for review with the Department within 30 days from the date the preliminary assessment is entered. The petition for review is to set out the taxpayer’s specific objections to the preliminary assessment. The Department entered the preliminary assessment against Adams on August 23, 1999. Adams filed a document on October 21, 1999, entitled, in part, “Appeal of Assessment of Motor Vehicle Tax.” The first paragraph of that document reads: “A ;preliminary assessment against the appellant for Motor Vehicle Tag was entered in the following amounts.... ” (Emphasis added.) The second paragraph reads “Appellant hereby gives notice of appeal of that assessment.” (Emphasis added.)
Section 40-2A-7(b)(5)(a), Ala.Code 1975, provides that a taxpayer may appeal any final assessment entered by the Department by filing a notice of appeal with the Administrative Law Division within 30 days of the date of entry of the final assessment. Section 40-2A-7(b)(5)(b) provides that a taxpayer may, instead of exercising the option under § 40-2A-7(b)(5)(a), appeal from a final assessment to the Circuit Court of Montgomery County, or to the circuit court of the county in which the taxpayer resides or has a principal place of business. This notice of appeal must be filed within 30 days of the entry of the final assessment and must be filed with both the secretary of the Department and the clerk of the circuit court to which the appeal is taken. The other requirements of this section we will not recount, because they are not relevant to the issue before *684 us. The date the Department entered the final assessment against Adams was October 26,1999. On May 1, 2000, Adams filed something that purported to be an appeal from a final assessment by the Department.[1]
Adams’s appeal from the preliminary assessment of the Department was not filed in the proper place within the time allowed by the statute, and his purported appeal from the final assessment of the Department was not filed within the period prescribed by the statute. The trial court did not have jurisdiction to enter the judgment that is now before us; therefore, that judgment is void. A void judgment will not support an appeal. Guy v. Southwest Alabama Council on Alcoholism, 475 So.2d 1190 (Ala.Civ.App.1985). Accordingly, this appeal is dismissed.
JUDGMENT VACATED; APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.

. This filing was done on Form ARAP 1, which is properly a form for use as a notice of appeal to the Supreme Court of Alabama, or the Court of Civil Appeals of Alabama. While notation of this filing does not appear on the case action summary, the trial court made refeience to it in its order of May 19, 2000.